McCrary, C. J.
The statute of 1875 requires that the petition in the state court for removal shall be filed “before or at the term at which such cause could be first tried, and before the trial thereof.” This language has been frequently construed by the circuit courts of the United States, but, unfortunately, these courts do not agree as to its meaning. It is impossible to harmonize the conflicting decisions on the subject. In this circuit, according to Judge Dillon’s statement in his work on “Removal of Causes,” the term referred to is “the term at which, under the legislation of the state, and the rules of practice pursuant thereto, the cause is first triable — i. e., subject to be tried on its merits — not necessarily the term when, owing to press of business or arrearages, it may be first reached in its order for actual trial.”
I think the practice in this circuit has been uniformly in accordance with the rule here stated, and it must be regarded as well settled. I am . disposed to adhere to it, not only because it is the rule heretofore adopted and followed, but also because I consider it a correct exposition of the statute. Ons of the objects of the act of 1875 was to prevent the abuses which had been practiced under the acts of 1866 and 1867, which allowed a removal at any time before the final hearing. It was evidently the purpose of congress to fix an earlier and a definite time, which would not permit the litigant to experiment in the state court until satisfied that he would fail there, and then change his forum. In all the states there is, by law or rule, a trial term — i. e., a term at which a cause may for the first time be called for trial. In practice but few contested cases are tried at the first trial term, and it often happens that controversies arise upon questions of pleading — so that, as in this ease, no issues of fact are joined at that term. It is, nevertheless, the term at which, within the meaning of the law, such cases could first be tried, and, therefore, is the term at or before which the petition for removal must be filed. The statute does not contemplate any delay for the *742 purpose of settling the pleadings in the state court. These can be settled in the federal court after removal, if necessary. If the local law makes the first term after suit is brought an appearance term merely, and declares that the second term is the one at which the case may be brought to trial, then the latter is the term at or before which the petition for removal must be filed. But where the first term after service of process is the term at which by law a case is triable, then that is the term to which the act of congress refers.
In other words, the term at which a case can “first be tried” is the first term at which it may by law be tried. The statute should be construed so as to require litigants who have a choice of forums to make their election promptly. Besides, any other rule than the one above stated would cause vexatious delays. If, for example, we should adopt the construction contended for by defendants’ counsel, and say that the term referred to by the statute is the term at which an issue of fact is joined, the result would be that litigants might in many cases postpone the joining of such an issue by raising and contesting questions of law in the state court for the purpose of gaining time, as well as of ascertaining the views of the state court before applying for a removal — thus continuing, under the act of 1875, the abuses which under the previous acts caused so much and such just complaint.
The motion to remand is sustained.
Krekel, D. J., concurs.
Note. — See Blackwell v. Braun, 1 Fed. Rep. 351; Forrest v. Forrest Home, Id. 459; Whitebouse v. Ins. Co., ante, 498.