## DIXON *v.* WESTERN UNION TEL. CO.

*(Circuit Court, N. D. California.* April 1, 1889.)

REMOVAL OF CAUSES—TIME OF APPLICATION—STIPULATIONS EXTENDING TIME TO PLEAD.

Under the removal act of 1887, requiring the petition for removal to be filed "at the time, or any time before, the defendant is required by the laws of the state, or the rule of, the state court in which the suit is brought, to answer or plead to the declaration or complaint," an extension of time to answer by consent of parties does not extend the time for filing the petition for removal.

On Motion to Remand.

*E. H. Wakeman* and *Henry H. Davis,* for plaintiff.

*Doyle, Galpin & Zeigler,* for defendant.

Before SAWYER, Circuit Judge.

SAWYER, J. This action was brought in the superior court of San Francisco, a state court, and removed to this court on petition of the defendant. The petition was not filed in time. The summons was served in San Francisco on October 12, 1888. The law and the summons required the defendant to answer within 10 days after service. At the expiration of 10 days, on October 22d, the defendant entered an appearance, but the petition was not filed till November 1st,—10 days after an answer was due, and after appearance actually entered. Probably, there was an extension of time to answer by consent of parties, but it does not appear whether there was or not. Whether there was or not, it can make no difference. The act of 1887 requires the petition to be filed in the "state court, at the time, or any time before, the defendant is required by the laws of the state, or the rule of the state court in which the suit is brought, to answer or plead to the declaration or complaint,"—not at or before the expiration of the extended time within which parties may choose to stipulate for the filing of an answer or demurrer. The prior act allowed the petition to be filed at any time during the term at which it might first be tried. But the supreme court, repeatedly, held, that the act meant the term at which it could be first at issue, and be ready for trial, provided the parties filed their pleadings at the time appointed by law, whether the court, or the parties were ready for trial or not. And it was also, held, that the prolongation of the time of joining issue by orders of the court, or a stipulation for time between the parties, could not extend the time for filing a petition for removal to the next term. *Car Co.* v. *Speck,* 113 U. S. 84, 5 Sup. Ct. Rep. 374; *Gregory* v. *Hartley,* 113 U. S. 746, 5 Sup. Ct. Rep. 743. And this has often been the ruling in this court, as will be seen by consulting the reports of its decisions. Even the statute as thus construed was deemed by congress to be too liberal, and in 1887 the act was amended so as to require the petition to be filed at or before the time when the law required the defendant to plead. This law must be construed in the same way as the former, as to the matter of extending the time to plead by the court, or by stipula-

tion of the parties. The party must make his election, and file his petition, at, or before, the time when his pleading is first due, under the law, or he waives his right to a removal. The petition in this case was not in time, and the case must be remanded on that ground, and it is so ordered.