# VELIE *v.* MANUFACTURERS' ACCIDENT INDEMNITY CO. OF THE UNITED STATES.

*(Circuit Court, E. D. Wisconsin.* December 18, 1889.)

REMOVAL OF CAUSES—TIME OF APPLICATION.

Under the removal act of 1888, (25 St. U. S. c. 866, § 3, p. 435,) providing that the petition for removal must be filed "at the time or any time before the defendant is required, by the laws of the state or the rule of the state court in which suit is brought, to answer or plead to the declaration," an extension of the time to file the answer beyond the time expressly provided in the state statute does not extend the time to file a petition for removal beyond that time.[1]

At Law.   On motion to docket cause.

*Fairchild & Fairchild,* for defendant.

*Webster & Wheeler,* for plaintiff.

JENKINS, J.   The plaintiff brought action in the state court against the defendant, a foreign corporation, by service of summons and complaint, on the 20th day of May, 1889.   By law the answer was due June 9th.   The defendant appeared to the action, and on the 3d day of June obtained from the plaintiff a stipulation extending the time to plead until July 9th.   On July 6th the defendant filed in the state court its answer, and also its bond and petition for the removal of the cause into the federal court, and moved for an order accordingly.   The motion was denied by the state court, upon the ground that the application was not timely filed.   The defendant now presents a certified copy of the record, and asks leave to docket the cause in this court.

The present removal act requires, with respect to the time within which the right to removal is to be asserted, that the petition must be filed "at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which suit is brought to answer or plead to the declaration of the plaintiff." 25 St. c. 866, § 3, p. 435.   The question presented is whether an extension of time to plead enlarges the time to petition for removal of the cause.   The history of legislation with respect to the removal of causes from state to federal courts throws light upon the intention of congress, and aids to properly construe the provision under consideration.   By the judiciary act of 1789, (1 St. 79,) the application for removal must be made by the party "at the time of entering his appearance."   Under that act it is clear that the right must be exercised with the initial step in the cause, or it was lost.   Under acts of 1866 (14 St. 306,) and of 1867 (14 St. 558,) the right of removal could be exercised at any time before the trial or final hearing of the cause.   These acts enlarged both the right and time of removal, and under them abuses sprung up.   The right was frequently exercised to delay the cause, rather than to obtain its adjudication in a federal court.   The act of 1875 (18 St. 470) sought

[1]As to what is the proper time for filing a petition for removal of a cause, see Burck v. Taylor, 39 Fed. Rep. 581, and note.

to correct those abuses by restricting the time. Under that act the petition must be made and filed "before or at the term at which such cause could be first tried, and before the trial thereof." By the acts of 1887 (24 St. 552) and of 1888, (25 St. 435,) the time was still further restricted to the time designated by the law of the state or by rule of the state court to answer or plead to the declaration. This act is less stringent than the act of 1789, and less liberal than the other statutes. Under the act of 1875, it has been ruled that the election must be made at the first term at which the cause was triable. That was declared to be "that term in which, according to the rules of procedure of the court, whether they be statutory or rules of the court's adoption, the cause would stand for trial, if the parties had taken the usual steps as to pleading and other preparations. This term at which the case could be first tried is to be ascertained by these rules, and not by the manner in which the parties have complied with them, or have been excused for non-compliance by the court, or by stipulation among themselves." *Car Co.* v. *Speck*, 113 U. S. 84, 86, 5 Sup. Ct. Rep. 374.

So, here, the statute provides a definite time, viz., the time designated by the law of the state to answer the declaration, or, when the law is silent, by the rule of the state court. In most of the states that time is fixed by statute; in some of the states,—notably in Tennessee and Indiana,—by rule of court. In that respect congress sought to conform to the usage in the several states. Possibly, under the variant practice, no more definite time could have been designated. By the law of Wisconsin (Rev. St. Wis. § 2648) the answer must be served within 20 days after service of the complaint. In my judgment, it is no more competent to enlarge the time by stipulation of the parties or by order of the court extending the time to answer than it was competent, under the act of 1875, by demurrer, continuance, or stipulation, to enlarge the time beyond the term at which the cause could have been first tried. This right of removal is not a floating right, adrift upon the uncertain sea of stipulations, demurrers, dilatory pleas, and proceedings; but is fixed and stable, measured, as to the time of its exercise, by the statute law of the state when that law speaks to the subject, or by the rule of the court where the time of pleading is so determined, in the absence of statute law. As to the state of Wisconsin, the act is to be read as providing that the petition for removal must be filed within 20 days after service of the complaint. Such construction effectuates the manifest intention of congress, insures certainty and uniformity in the proceeding, prevents abuses, and, in my judgment, conforms to the plain meaning of the language employed. Other construction tends to confusion and uncertainty. The time appointed would not be uniform in all actions in the same state, and could be indefinitely extended, limited only by the ingenuity of counsel in postponing a plea to the merits. In this state, where decisions upon demurrers may by direct appeal be reviewed in the court of last resort, an answer to the merits might readily be postponed for a year. The very evil sought to be remedied by congress would, by such construction, be perpetuated, not restricted. It is not to be

permitted, as was said in the *Removal Cases*, 100 U. S. 473, that a party "may experiment on his case in the state court, and, if he met with unexpected difficulties, stop the proceedings and take the case to another tribunal." It is a cardinal principle of construction that statutes should be interpreted to suppress the mischief and advance the remedy. Looking, then, to the clear design of congress to abate the abuses that had arisen under the acts of 1866 and 1867, and to further restrict the time allowed by the act of 1875, it is apparent that congress intended that the right should be exercised at the earliest period possible. That period was designated to be at or before the time prescribed by law for answering; not the time when the cause, by reason of dilatory proceedings, might be ripe for an answer; not the time enlarged by stipulation of the parties or by order of the court, but the determinate time specified in the statute or in the rule of court. The statute or the general rule of the court speaks that time, not the order or stipulation made in the particular case.

Upon this question there has been lack of uniformity in the federal courts. In all the cases to which I am referred the decision was right, but in some, with deference be it said, not bottomed upon exact reasoning. In but few of them was the question directly involved. Some of the opinions contain expressions which might authorize the inference that the time might be enlarged by order extending the time to answer. Such declaration was unnecessary to the decision, and therefore not entitled to the weight given to a conclusion determinately reached upon careful consideration, and upon a question essential to the decision. In *Simonson* v. *Jordon*, 30 Fed. Rep. 721, the petition was filed after the expiration of the extended time for answering. The cause was rightly remanded. Judge WALLACE asserts, however, that the petition would have been timely filed within the enlarged time for answering. The remark is *obiter*, and possibly an inadvertent expression. In *Hurd* v. *Gere*, 38 Fed. Rep. 537, the same learned jurist held that the petition comes too late when filed within the enlarged time for answering obtained through an *ex parte* order made after expiration of the time designated by the law. I am unable to reconcile this ruling with the opinion expressed in the former case. Judge WALLACE concedes that the *ex parte* order, although irregular, was not void. Until vacated, it was as effectual as if made upon notice. It had not been vacated, and was consequently operative to annul the default. The petition was therefore seasonably filed, if the time for such filing can be enlarged by stipulation or order. The cause was properly remanded, because of failure to prefer the petition within the time limited by statute to answer the declaration. In *Dwyer* v. *Peshall*, 32 Fed. Rep. 497, by oral agreement, the time to answer was extended indefinitely. Judge LACOMBE, *arguendo*, refers approvingly to the statement in *Simonson* v. *Jordon*, that an extension of time to answer enlarges the time for removal, but holds an oral stipulation ineffectual. He asserts that the act of 1887 materially shortened the time for removal allowed by the act of 1875, and should be "strictly construed against any one seeking to evade the additional lim-

itations which it puts upon the right of removal." Such construction, I venture to observe, would be wholly defeated, if the *obiter* suggestion in *Simonson* v. *Jordon* were accepted as the correct interpretation of the statute. The cases of *McKeen* v. *Ives*, 35 Fed. Rep. 801, and *Lockhart* v. *Railroad Co.*, 38 Fed Rep. 274, are not in point. These cases arose in Indiana and Tennessee, respectively, where the time for pleading is regulated by rule of court. In each case it was held that the petition was filed within the time for pleading allowed by the rule of court. In *Wedekind* v. *Southern Pac. Co.*, 36 Fed. Rep. 279, the cause was properly remanded, the petition being filed after expiration of the time for answering. Judge SABIN holds to the necessity of a strict compliance with the statute, which he says "was intended to compel parties to decide *in limine* in what court they wish the trial of the case to be had, and to make them abide by such decision." Any inference sought to be drawn from certain expressions in the opinion that the time for removal might be enlarged by extension of the time for answering is nullified by the decision in *Delbanco* v. *Singletary*, *ante*, 177, in which Judge SABIN explicitly holds that the time cannot be enlarged by order or stipulation of any kind. In *Kaitel* v. *Wylie*, 38 Fed. Rep. 865, the cause was remanded. The petition was held too late, although filed before answer was due to an amended declaration. Judge BLODGETT expressly declares the statute to be imperative that the application for removal must be made when the plea is due, and that it comes too late when made after the time to plead designated by law or by rule of court. The cases of *Dixon* v. *Telegraph Co.*, 38 Fed. Rep. 377, and *Austin* v. *Gagan*, 39 Fed. Rep. 626,—decisions by Judge SAWYER,—fully sustain the conclusion which I have reached upon the proper construction of the statute, and, as I think, demonstrate its correctness. The motion is overruled.