RUBY CANYON GOLD MIN. CO. et al. v. HUNTER et al.

ELDER et al. v. WHITE et al.

(Circuit Court, W. D. South Dakota.    March 1, 1894.)

REMOVAL OF CAUSES—TIME OF REMOVAL.
  A case is not removable under the act of March 3, 1887, § 3, after the time fixed by the state statute or the rules of the state court for the defendant to answer or plead, even though the time has been extended by stipulation and by order of court.

These were two suits brought in a court of South Dakota, one by the Ruby Canyon Gold Mining Company et al. against David Hunter et al., and the other by William S. Elder, as administrator, et al., against Thomas White et al.    The defendants removed the suits into this court, and a motion is now made to remand them.

Martin & Mason, for complainants.
Edwin Van Cise, for defendants.

SANBORN, Circuit Judge.    Motions to remand these cases are made because, while the petitions and bonds for removal were filed in a state court within the time fixed by stipulations of the parties and orders of the court extending the time beyond that fixed by statute for the defendants to answer (as the parties and the court might lawfully do under the statutes of South Dakota), they were not filed within the 30 days within which the defendants were required by those statutes to answer or plead to the complaints in the absence of such stipulations or orders.    Comp. St. S. D. §§ 4908, 4939.

The provision of section 3 of the act of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. 433, Supp. Rev. St. p. 613, § 3), which requires the petition for removal to be filed in the state court "at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," is imperative, and requires the petition to be filed within the time fixed by the statute (where the statute fixes it), or within the time fixed by the rule of court (where the rule of court fixes it), and not within any time that a defendant may obtain by stipulation with the plaintiff, or by order of court.    This construction secures uniformity in the practice, prevents delays, and I think is in accord with the evident intention of congress.    It was not within any time that a defendant might procure to be given him by the court or his opponent, but within the time fixed by the statute, that congress intended the petition should be filed.    Spangler v. Railroad Co., 42 Fed. 305; Velie v. Indemnity Co., 40 Fed. 545; Austin v. Gagan, 39 Fed. 626; Dixon v. Telegraph Co., 38 Fed. 377; Hurd v. Gere, Id. 537; Delbanco v. Singletary, 40 Fed. 177; Rock Island Nat. Bank v. J. S. Keator Lumber Co., 52 Fed. 897; Railroad Co. v. Daughtry, 138 U. S. 298, 303, 11 Sup. Ct. 306. The petitions for removal in this case were not filed before the de-

fendants were required by the laws of South Dakota to answer or plead to the complaint. They were too late.

The motions to remand must be granted.