HENRY WILSON and EUGENE SHONTZ, Appellees, v. THE BIG JOE BLOCK COAL CO., Appellant, and THE GLADSTONE COAL COMPANY, Appellee.

**Removal of causes to federal court:** TIME FOR FILING APPLICATION.
1  Under the Federal Statutes relating to the removal of causes the application for removal must be made at or before the

time the defendant is required, by the State law or rule of
court, to plead to the petition; the time cannot be extended by
agreement of parties or order of court, and a petition for re-
moval filed after that time has no effect to deprive the State
Court of jurisdiction.

**Same.** The filing of a bond does not alone determine the right
2 to remove a cause to the Federal Court; the court may still
examine the petition and determine whether it shows on its
face that the petitioner has a right of removal.

**Same:** RIGHT OF NONRESIDENT CODEFENDANT. A nonresident de-
3 fendant is not entitled to a removal of the cause to the Federal
Court, where his codefendant, a proper party to the suit, is
a resident of the State.

*Appeal from Appanoose District Court.*—HON. FRANK W.
EICHELBERGER, Judge.

WEDNESDAY, OCTOBER 16, 1907.

THE opinion states the case.— *Affirmed.*

*J. M. Wilson,* for appellant.

*Howell & Elgin,* for appellees.

WEAVER, C. J.— On January 20, 1893, the plaintiffs
entered into a written contract with the Gladstone Coal
Company, an Iowa corporation, by which they granted to
said company the right to mine coal under certain lands
in Appanoose county, in this State. By the same contract,
plaintiffs undertook to convey or secure a conveyance to said
company of a tract of ten acres of land on which said com-
pany could erect and maintain improvements required in
working said mine. Thereafter the Gladstone Coal Com-
pany assigned and conveyed its interest acquired by said con-
tract to one Harry N. Taylor, who, in turn, transferred
and conveyed the same to the Big Joe Block Coal Company,
a corporation organized in the State of Illinois. On March
25, 1905, the plaintiffs filed their petition in equity in the

district court of Appanoose county, naming as defendants therein both the original lessee, the Gladstone Coal Company, and the present holder, the Big Joe Block Coal Company, and alleged grounds upon which it sought to have said lease canceled and held for naught, and asking to have the title to the ten-acre tract aforesaid quieted in themselves. Notice of the action was duly served for the April term, 1905, of the said district court. On the first day of said term, April 10, 1905, the Big Joe Block Coal Company appeared to said action by its attorney, and, upon his application, the court entered an order extending the time to plead to the petition until May 10, 1905, and on May 9, 1905, another order was entered granting further entension of time to plead until the following Monday. On May 11, 1905, said defendant, instead of pleading to the plaintiff's petition, filed an application and bond for the removal of said cause to the Circuit Court of the United States for the Southern District of Iowa, on the ground that it was a nonresident corporation, and that the property and rights in controversy were of a value in excess of $2,000. This petition for removal was denied by the trial court, and after a hearing upon the merits a decree was entered granting the relief prayed for. From this decree, the Big Joe Block Company has appealed, but no question is presented or argued in this court, except the alleged error of the trial court in overruling the application for removal.

By Act Congress March 3, 1875, chapter 137, section 3, Statute 471, as thereafter amended by Act March 3, 1887, chapter 373, section 1, 24 Statute 552, and Act August 13, 1888, chapter 866, section 1, 25 Statute 433 [U. S. Comp. St. 1901, pages 508, 510], it is provided that a defendant seeking to remove a cause from a State court to the Federal court may file his petition and bond therefor in the State court at or before the time when he is required, by the laws of the State or the rule of the State court in which such suit

1. REMOVAL OF CAUSES TO FEDERAL COURT: time for filing application.

is brought, to answer or plead to the declaration or complaint of plaintiff. That a petition for removal filed after the date thus fixed is too late, and has no effect to deprive the State court of its jurisdiction, is too clearly expressed in this statute and too well established by the repeated decisions of the courts to require citation of authorities. Under the laws of this State (Code, section 3552) the defendant to an action brought in a court of record must demur to the petition or assail it by motion, or take issue upon it by answer before noon of the second day of the term. By Code, section 3554, the court is authorized to extend the time for filing any pleading beyond that fixed by the statute, having due regard to making up the issues at the earliest time practicable.

In the case at bar, it will be observed that the application for removal was not filed until some thirty days after the second day of the term; but it is the claim of the appellant that the granting of further time to plead to the petition had the effect to extend the time in which application for a removal to the federal court could properly be made. The proposition thus stated is the only one urged upon our attention by appellant's counsel. It is to be conceded that this proposition finds support in the decisions of some of the inferior federal courts, but we are persuaded that it is clearly against the weight of authority, and cannot be upheld by any fair construction of the federal statute. There is but one time fixed by our Code before which the defendant duly served with notice must appear and plead, and that time or date is noon of the second day of the term to which he has been summoned. It is true that, having entered an appearance, the court under section 3554 and in the exercise of its discretion granted him an extension of time in which to plead, but the time thus extended is not fixed by law, but is fixed by the court in the exercise of its discretion pursuant to law. The reference in the federal statute to the rule of the State court in which suit is brought to answer or

plead clearly relates, not to special orders granted upon application or stipulations of parties in any. given case, but rather to a general rule fixing the date at which all defendants are required to appear in order to avoid being held in default.    This view was affirmed by the Supreme Court of Wisconsin in *Beyer v. Lumber Co.,* 76 Wis. 145 (44 N. W. 750, 833), where the claim was made that an extension of time in which to take issue upon the petition had the effect to extend the time in which an application for a removal of the case to the federal court could be made.    Overruling the application, the court there says:  " The law fixes but one time, and that is at or before the time required to answer by the laws of the State or the rule of the State court, and not by stipulation or by the discretion of the court "— citing in support of this holding *Dixon v. Telegraph Co.* (C. C.) 38 Fed. 377; *Austin v. Gagan* (C. C.) 39 Fed. 626 (5 L. R. A. 476); *Car Co. v. Speck,* 113 U. S. 84 (5 Sup. Ct. 374, 28 L. Ed. 925); *Gregory v. Hartley,* 113 U. S. 746 (5 Sup. Ct. 743, 28 L. Ed. 1150); *Hurd v. Gere* (C. C.) 38 Fed. 537.

Under the federal statute as it stood before the amendment now in force it was required that the application be made before or at the term at which the cause could first be tried, and in considering. this question the Supreme Court of the United States in *Car Co. v. Speck, supra,* construes the effect of the requirement as follows:  " In other words, at that term in which, according to the rules of procedure of the court, whether they be statutory or rules of the court's adoption, the cause would stand for trial if the parties had taken the usual steps as to pleading and other preparations. This term at which the case could first be tried is to be. ascertained by these rules, and not by the manner in which the parties have complied with them, or have been excused for noncompliance by the court or by stipulation among themselves."    The same opinion quotes with approval the language employed in *Murray v. Holden* (C. C.) 2 Fed.

740 (1 McCrary, 341), as follows: " In all the States there
is by law or rule a trial term; that is, a term at which a
cause may for the first time be called for trial.    In practice
but few contested cases are tried at the first term, and it
often happens that controversies arise upon questions of
pleading so that no issues of fact are joined at that term.    It
is nevertheless the term at which within the meaning of the
law such cases could be first tried, and therefore is the term
at or before which the petition for removal must be filed."
See, also, *Velie v. Manufacturing Co.* (C. C.) 40 Fed. 546;
*Wilkinson v. Delaware R. R. Co.* (C. C.) 23 Fed. 562; *Del-
banco v. Singletary* (C. C.) 40 Fed. 178.

Construing the federal statute after it was amended to
its present form, the court in *Austin v. Gagan, supra,* deals
with a state of facts in all respects similar to those presented
by the case at bar, and says " This law must be construed
in the same way as the former, as to the matter of extending
the time to plead by the court, or by the stipulation of the
parties.    The party must make his election, and file his pe-
tition at or before the time when his pleading is first due
under the law,   .   .   .   or he waives his right to a removal.
This must be the rule, or the parties by stipulation, or the
court by special orders, on their application, may extend the
time to apply for a removal indefinitely, and the policy of
the law be thereby defeated."    The same rule has been af-
firmed in *Spangler v. Railroad Co.* (C. C.) 42 Fed. 305,
and other cases decided in the circuit of which this State
forms a part.    That case arose in the western district of
Missouri, in which State there is a statute substantially like
ours, authorizing the trial court to extend the time in which
the defendant must answer or plead.    Relying upon that
provision, it was there contended, as in the case now before
us, that an application for removal to the federal court was
timely if made within the extended time granted by the
State court.    Overruling this proposition, the court, by
Phillips, J., says " I have examined the decisions in the

various circuits bearing upon this mooted question, and have reached, after some hesitation, the same conclusion as that of Judge Sawyer in *Austin v. Gagan* (C. C.) 39 Fed. 626 (5 L. R. A. 476), and that of Judge Jenkins in *Velie v. Indemnity Co.* (C. C.) 40 Fed. 545. The reasoning of the latter case is quite unanswerable when it is read in connection with rulings of the Supreme Court under the Act of 1875, which permitted the filing of the petition for removal at any time during the term. The Supreme Court held the plain meaning of the act of 1875 to be the term at which the action could first be tried or was at issue, provided the parties filed their pleadings at the time appointed by law. It made no difference whether the parties were ready for trial or not. Neither the extension of time by order of the court, nor consent of the parties, could prolong the time for removal beyond the term of court. But "rule of court" was not intended by Congress, in my opinion, to apply to such a provision as they found in the Missouri statute, "unless longer time be granted by the court." It clearly has reference to the parties in those States where no time is fixed by the statute for answering, but under the law the court by rule prescribes the time, which is the case in some of the States. A rule of court means uniformity, a regulation in practice applying alike to all suitors, established and fixed, as much so as a statute itself and known to all litigants and attorneys. This was the idea entertained by the Supreme Court concerning the act of 1875, as indicated in the opinion in *Car Co. v. Speck*. When the original notice was served upon the defendant in this case, there was no rule of court prescribing the time in which its answer was to be filed. It had no right to suppose the court would extend the time beyond the statutory period. If the time of removal can be made to depend upon the action, capricious, or otherwise of the State Judge in extending it for a month or six months, there would be no uniformity, no certainty in the law, of removal. It would in the State court in the same jurisdic-

tion be one time for one defendant, and another time for another defendant, wholly dependent upon the discretion or humor of the court at the return term." See, also, *Mining Co. v. Hunter* (C. C.) 60 Fed. 305; *Daugherty v. Telegraph Co.* (C. C.) 61 Fed. 139; *Bank v. Appelyard* (C. C.) 138 Fed. 940; *Egan v. Railroad Co.* (C. C.) 53 Fed. 675. These citations by no means exhaust the list of authorities in support of the conclusion at which we have arrived, but they are sufficient to indicate the current of judicial opinion upon the proper construction of the federal statute.

If we understand counsel correctly, it is further contended that, the petition for removal having been accompanied by sufficient bond, the State court had no further jurisdiction in the matter except to order the removal, but this proposition we think cannot be upheld. The effect here claimed for the application is accomplished only when the petition for removal on the ground of diverse citizenship alleges facts which, if true, establish the right to have the case transferred to the federal court. It may be admitted that the State court cannot properly enter upon any inquiry as to the truth of the allegations contained in the petition, but certainly it may examine the petition, and ascertain if the facts as stated are of a character to entitle the applicant to demand that the controversy be sent to the federal court for trial. This was squarely held in *Gregory v. Hartley, supra,* where the Supreme Court of the United States says: " The District Court was not bound to surrender its jurisdiction until a case was made which on the face of the record showed that the petitioners were in law entitled to a removal. The mere filing of a petition is not enough, unless, when taken in connection with the rest of the record, it shows on its face that the petitioners had under the statute a right to take the suit to another tribunal." It follows, therefore, that the trial court did not err in overruling the appellant's application.

Another and sufficient ground for denying the removal

to the federal court is shown in the fact that the appellant's codefendant, who was a proper, if not necessary, party to the determination of the controversy, was a resident of the State of Iowa.    Under such a state of the record, it is uniformly held that a case is not removable from the State to the federal forum. *Torrance v. Shedd*, 144 U. S. 527 (12 Sup. Ct. 726, 36 L. Ed. 528).

3. SAME: right of non-resident co-defendant.

The single assignment of error argued by the appellant being overruled, the judgment appealed from must be, and it is hereby, *affirmed*.