WAVERLY STONE & GRAVEL CO. v. WATERLOO, C. F. & N. RY. CO. et al.

(District Court, N. D. Iowa, E. D.   February 9, 1917.)

No. 121.

1. REMOVAL OF CAUSES ⬧═79(1)—PROCEEDINGS—TIME FOR TAKING—EFFECT OF DELAY.

It is imperative that the application for removal of a cause from a state court be made within the time fixed by Judicial Code (Act March 3, 1911, c. 231) § 29, 36 Stat. 1095 (Comp. St. 1913, § 1011).

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139, 140.]

2. REMOVAL OF CAUSES ⬧═79(2)—PROCEEDINGS—TIME FOR TAKING—"RULE OF THE COURT."

Under Judicial Code, § 29, requiring a petition for removal of a suit into the District Court to be filed at the time, or any time before, the defendant is required by the laws of the state or the rule of the state court in which the suit is brought to answer or plead to the declaration or complaint, the term "rule of the state court" does not include an order extending the time for pleading in the particular case; but the section means that the petition for removal must be filed before the time to answer or plead, as fixed by statute in states where such time is governed by statute, or as fixed by general rule of the state court in states where the time is fixed by court rule, and a petition for the removal of a cause from the Iowa district court, not filed before noon of the second day of the term in which defendant is cited to appear and answer, which is the time fixed for answer, demurrer, or motion by Code Iowa 1897, § 3550, is too late, though filed within the extended time given for answer.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 141, 142.

For other definitions, see Words and Phrases, Rule of Court.]

3. COURTS ⬧═366(1)—RULES OF DECISION—CONSTRUCTION OF STATE STATUTE—TIME FOR PLEADING.

A decision of the state court, construing its statute fixing the time in which a defendant shall answer or plead in the state court, must be followed by the United States court in determining whether the petition for removal was filed in time.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 956, 957.]

4. REMOVAL OF CAUSES ⬧═107(5)—PROCEEDINGS—TIME FOR TAKING—PETITION—RULE OF COURT.

An allegation in a petition for removal that under the rules of practice adopted in the state district court the defendant was not required to answer or plead until 15 days after the time fixed therefor by state statute does not prevent remand, where no such rule appears in the record, and no authority is shown by which the state district court can change the plain statutory provision.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 228.]

5. REMOVAL OF CAUSES ⬧═92—FILING TRANSCRIPT IN FEDERAL COURT—TIME FOR FILING.

A transcript not filed in the United States court within 30 days after filing the petition and bond for removal in the state court, as required by Judicial Code, § 29, is too late, though the state court took no action on the petition at the time it was filed, since the filing of a sufficient petition and bond in a removable cause operates to remove the cause without further action of the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 190, 223.]

⬧═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. REMOVAL OF CAUSES ⊙⇒103—REMAND—GROUNDS NOT SPECIFIED.

    The United States court may and should remand to the state court upon its own motion a case which, though removable, was not properly removed.

    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 221.]

At Law. Action by the Waverly Stone & Gravel Company against the Waterloo, Cedar Falls & Northern Railway Company, the Cedar Valley Railway Construction Company, and another, begun in the state court and removed to the United States District Court, on motion of the Cedar Valley Railway Construction Company, as to that defendant. On plaintiff's motion to remand to the state court. Motion sustained.

Paulsen & Wood, of Waterloo, Iowa, for the motion.

Edwards, Longley, Ransier & Smith, of Waterloo, Iowa, opposed.

REED, District Judge. This action was commenced by the plaintiff for the January term, 1916, of the district court of Iowa in and for Black Hawk county (a court of record of that state), which began on January 3d of that year, to recover from the defendants jointly damages for their alleged wrongful acts in preventing the plaintiff from redeeming certain property from a bill of sale given by plaintiff to the defendant Cedar Valley Railway Construction Company, which will be called the Cedar Valley Company, as security for a loan of money made by the defendant Waterloo, Cedar Falls & Northern Railway Company, an Iowa corporation, which will be called the Railway Company, to plaintiff. In a general way the petition alleges that the defendant Railway Company agreed to make a loan of money to the plaintiff, and that plaintiff was to make to the company or to the Iowa Investment Company, a bill of sale upon certain property of the plaintiff as security for the loan, but when the transaction was closed, the security to be given by plaintiff for such loan was, at the request of the Railway Company and the Iowa Investment Company, made to the Cedar Valley Company for the benefit of the Railway Company, and that all of the defendants thereafter wrongfully refused to permit the plaintiff to redeem the property from said bill of sale as provided therein, to the damage of the plaintiff in the sum of $25,-000, for which wrongful acts judgment is asked against all of the defendants jointly.

The defendant Cedar Valley Company filed in the office of the clerk of said state court a petition and bond for the removal of said cause to this court upon the ground of diverse citizenship, which petition is indorsed by the clerk as filed January 17, 1916. Nothing further appears to have been done in the case at the January term of the state court. At the May term of said court, which began May 1, 1916, the state court made and entered an order as follows:

    "On the 12th day of the May term, May 16, 1916, the defendant Cedar Valley Railway Construction Company presented in open court its petition for the removal of this cause, so far as said defendant is concerned, from this court to the District Court of the United States for the Northern District of Iowa, Eastern Division, and also a bond with good and sufficient surety, in

the penalty of $500, conditioned as required by the act of Congress in such case made and provided; and said petition having been presented at or before the time the said defendant is required by the laws of the state of Iowa, or the rules of this court, to answer or plead to the declaration, of the plaintiff in this suit, it is ordered and adjudged by the court that said petition be filed, that said bond (which was duly proved in open court) be accepted, that this suit be removed from this court to the District Court of the United States for the Northern District of Iowa, Eastern Division, at Dubuque, that the clerk of this court forthwith transmit to that court a full, true, and perfect copy of the record in this suit, duly certified according to law, and that no further proceedings be had in this suit in this court as to the said defendant the Cedar Valley Railway Construction Company."

A transcript of the record in said cause, including said order, was thereafter made by the clerk of said court, duly certified by him on May 19, 1916, and filed in this court May 25, 1916. January 3, 1917, the plaintiff first appeared in this court and filed a motion to remand said cause to the state court upon the ground that there was no separable controversy between the plaintiff and the removing defendant; and this is the only ground upon which plaintiff has invoked the action of this court.

Section 29 of the Judicial Code (U. S. Compiled Stats. 1916, §. 1011) provides:

"Whenever any party entitled to remove any suit mentioned in the last preceding section [28 of the Judicial Code] * * * may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the District Court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said District Court if said District Court shall hold that such suit was wrongfully or improperly removed thereto. * * * It shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within the said thirty days as aforesaid in said District Court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

Under this section a party having the right to remove a cause from a state to a federal court must file the required petition and bond therefor in the state court at the time or any time before the defendant is required by the laws of the state, or the rule of the state court, to answer or plead to the petition or complaint of the plaintiff.

The Code of Iowa (1897) provides:

"Sec. 3550. The defendant shall, in an action commenced in a court of record, demur or answer to the original petition, or assail the same by motion, before noon of the second day of the term."

"Sec. 3554. The court may extend the time for filing any pleading beyond that herein fixed, but shall do so with due regard to making up issues at the earliest day practicable."

[1, 2] The act of Congress fixing the time within which a party entitled to remove a suit from a state to a federal court is of course controlling, and it is imperative that the application therefor shall be made within the time so fixed or the cause cannot rightly be removed. Kansas City Railroad v. Daughrtry, 138 U. S. 298–303, 11 Sup. Ct. 306, 34 L. Ed. 963. But for the words "or rule of the state court," in the Removal Act, there would seem to be no debatable question in this case. What, then, is meant by the phrase "the rule of the state court," as used in the Removal Act? . The decisions of the Circuit and District Courts of the United States upon this question are not in harmony, and cannot easily be reconciled. In some of such decisions it is held that, when the state court in its discretion extends the time fixed by the statute in which the defendant shall answer or plead to the petition in a state court, when authorized by law to grant such extension, such extension, when granted, is a "rule of court" within the meaning of the Removal Act, and that a removal may be had within such enlarged period. Among the causes so holding are Rycroft v. Green (C. C.) 49 Fed. 177; Wilcox & Gibbs Co. v. Phœnix Insurance Co. (C. C.) 60 Fed. 929; Lord v. Lehigh Valley Railroad Co. (C. C.) 104 Fed. 929; Dancel v. Goodyear Shoe Machinery Co. (C. C.) 106 Fed. 551, and other cases.

Rycroft v. Green, above, was decided without discussion, and upon the practice then said to obtain in the New York courts. That case, however, is distinguished, and in part, at least, overruled, by the same court in Schipper v. Consumer Cordage Co. (C. C.) 72 Fed. 803. In Wilcox & Gibbs Co. v. Phœnix Insurance Co., above, it is held in a case coming from a state court in South Carolina that the right to remove such a suit exists as long as the defendant is not in default in the state court for want of an answer or other pleading to the plaintiff's petition; and if defendant obtains an order of the state court extending the time in which he may answer or otherwise plead to the plaintiff's petition, the cause may rightly be removed during such extended period. This ruling seems opposed to the great weight of the authorities, and the reason given therefor is not persuasive.

Pullman Palace Car Co. v. Speck, 113 U. S. 84, 5 Sup. Ct. 374, 28 L. Ed. 925, arose under the Removal Act of 1875, which required that a party desiring to remove a cause to act at the first term at which the cause could be tried and before the trial thereof. The Supreme Court, speaking by Mr. Justice Miller, quoting approvingly from Murray v. Holden (C. C.) 2 Fed. 740, 1 McCrary, 341, said:

"One of the objects of the act of 1875 was to prevent the abuses which had been practiced under the acts of 1866 and 1867, which allowed a removal at any time before the final hearing. It was evidently the purpose of Congress to fix an earlier and a definite time, which would not permit the litigant to experiment in the state court until satisfied he would fail there, and then change his forum. In all the states there is, by law or rule, a trial term—i. e., a term at which a cause may for the first time be called for trial. In practice, but few contested cases are tried at the first trial term, and it often happens that controversies arise upon questions of pleading, so that, as in this case, no issues of fact are joined at that term. It is nevertheless the term at which, within the meaning of the law, such cases could first be tried, and therefore is the term at * * * which the petition for removal must be filed."

And of the case then before the court it is said:

"It appears by a stipulation in the case that the first Monday in every month is the beginning of a new term of the superior court of Cook county, from which this suit was removed. It also appears that the suit was brought to the September term, 1883, of that court, and the defendants, who were the removing party and are also appellants here, obtained an extension of time by order of the court for 30 days from September 20th to answer the original bill, and like time was granted to the defendants in a cross-bill to answer that. This time was extended afterwards in both cases by agreement of counsel until January 11, 1884, and on that day they were filed. The application for this removal was made in the February term, 1884. It thus appears that, including the appearance term at which the case might have been tried, if appellant had answered according to the rule, instead of obtaining an extension of 30 days by order of the court, there were five terms of the court at which the motion could have been made for removal, in which no such motion was made. We see no reason why this case was not triable at any of those terms according to the due course of proceedings in such cases. The only reason why it was not so tried was the time beyond that of the usual course prescribed by rule, which was obtained by order of the court or by agreement of the parties. The case was certainly triable at the January term, after the answers were all in, for it could have been then tried on bill and answer, or the plaintiff have been forced to file replication, which could have been done instanter."

The order of the court remanding the case to the state court was affirmed. This ruling is followed in Gregory v. Hartley, 113 U. S. 742, 5 Sup. Ct. 743, 28 L. Ed. 1150. See, also, Velie v. Manufacturers' Indemnity Co. (C. C.) 40 Fed. 545; Spangler v. Railroad Co. (C. C.) 42 Fed. 305; Austin v. Gágan (C. C.) 39 Fed. 626, 5 L. R. A. 476; Pilgrim v. Ætna Life Insurance Co. (D. C.) 234 Fed. 958; Charrion v. Romort Mfg. Co. (D. C.) 236 Fed. 1011; Williams v. Wilson Fruit Co. (D. C.) 222 Fed. 467.

In this case the statute of Iowa required the Cedar Valley Company to answer or otherwise plead to the plaintiff's petition in the state court on or before noon of the second day of the January term, 1916, which was January 4th of that year; on that date defendant's attorneys entered their appearance for that company, but filed no answer or other pleading. On January 17th, pursuant to an alleged local rule of the state court, they filed in that court a petition and bond in behalf of the Cedar Valley Company for the removal of the cause to this court. Nothing further appears to have been done in the case until the 16th day of May, 1916, which was the twelfth day of the May term of that court, which began May 1, 1916, when the state court entered an order removing the cause to this court, and directed its clerk to forthwith transmit to this court a transcript of the record in such cause, and that no further proceedings be had in the state court. A transcript of the record in the state court, duly certified by the clerk of that court May 16, 1916, was then filed in this court May 25, 1916, nearly five months after the defendant was required by the Removal Act to file in the state court its petition and bond for removal. That the removal of the case from the state court was not within the time required by the Removal Act of Congress seems entirely clear under the decisions of the Supreme Court above cited.

[3] In Wilson v. Coal Co., 135 Iowa, 532, 113 N. W. 348, 14 Ann. Cas. 266, a case in which the district court ordered the removal to the federal court, the Supreme Court of Iowa, speaking of the present

Removal Act, which is the act of 1875, except as to the time within which the application for removal must be made, said:

"It is provided that a defendant, seeking to remove a cause from a state court to the federal court, may file his petition and bond therefor in the state court at or before the time when he is required, by the laws of the state or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of plaintiff. * * * Under the laws of this state [section 3552, Code of Iowa 1897] the defendant to an action brought in a court of record must" assail the petition by motion or demurrer, or take action "upon it by answer before noon of the second day of the term. By Code, § 3554, the court is authorized to extend the time for filing any pleading beyond that fixed by the statute, having due regard to making up the issues at the earliest time practicable. In the case at bar, it will be observed that the application for removal was not filed until some 30 days after the second day of the term; but it is the claim of the appellant that the granting of further time to plead to the petition had the effect to extend the time in which application for a removal to the federal court could properly be made. * * * It is to be conceded that this proposition finds support in the decisions of some of the inferior federal courts, but we are persuaded that it is clearly against the weight of authority, and cannot be upheld by any fair construction of the federal statute. There is but one time fixed by our Code before which the defendant duly served with notice must appear and plead, and that time or date is noon of the second day of the term to which he has been summoned. * * * The reference in the federal statute to the rule of the state court in which suit is brought to answer or plead clearly relates, not to special orders granted upon application or stipulations of parties in any given case, but rather to a general rule fixing the date at which all defendants are required to appear in order to avoid being held in default."

This is an interpretation of the Iowa statute fixing the time in which a defendant shall answer or otherwise plead to plaintiff's petition in the state court, which, if there was any doubt of its meaning, should be followed by this court. As said in some of the authorities, the time in many states in which the defendant shall answer or otherwise plead to the plaintiff's petition is fixed by a "rule of court"; but in other states, as in Iowa, the time is fixed by statute, and the obvious purpose of the Removal Act is to require a defendant, who desires to remove a cause from a state to a federal court, to apply therefor at the time he is required by the statute of the state to answer the plaintiff's petition when that time is fixed by statute, and when fixed by "rule of court" he shall then apply therefor within the time fixed by such rule.

[4] In this case it is alleged in the petition for removal:

"That under the rules of practice adopted, in vogue, and in control in the district court of Black Hawk county, the defendant is not required to answer or plead to the petition of the plaintiff until 15 days shall have elapsed after noon of the second day of the term of said court at which the defendant is cited to appear, and that the defendant Cedar Valley Railway Construction Company was required by the original notice filed in this case to appear on or before noon of the second day of the January, 1916, term of said district court of Black Hawk county, which commenced on Monday the 3d day of January, 1916. Wherefore this defendant prays the removal of the cause * * * to the District Court of the United States, as provided by the act of Congress," etc.

Such a rule of court appears nowhere in the record, nor is any reference made thereto, except as recited in the petition for removal. If any such rule exists or is published, it has not been otherwise called

to the attention of the court, and there is no statute of Iowa, so far as the court is advised, which authorizes the district courts of the state to change by a "rule of court" a plain statutory provision fixing the time in which defendants in courts of record shall appear and answer or otherwise plead to actions brought against them, that will enlarge the time in which they may apply for the removal of causes to the federal courts. If the district court of the state may adopt such a rule, and should do so, it is obvious that there would be no uniformity in the time that defendants shall answer in the state courts to causes of action brought against them; nor would there be any uniformity in the time which a defendant entitled to remove a cause from a state to a federal court in that state shall make application therefor in the different judicial districts.

[5] Under the Removal Act the Cedar Valley Company was required to file a copy of the record in the federal court within 30 days after filing a sufficient petition and bond in the state court for the removal of the cause. If such petition was filed on January 17th, and the cause was a removable one, then defendant was required to file a copy of the record in this court by February 18th, unless for excusable delay; but it was not filed until May 25, 1916, more than three months after it was required by the act of Congress to be filed, and is therefore too late, no excuse for the delay being shown. If the cause is a removable one, the filing of a sufficient petition and bond for its removal in the state court operates to remove the cause at once to the proper federal court, and there is no occasion to wait until the state court has acted on the petition. Kern v. Huidekoper, 103 U. S. 485, 490, 26 L. Ed. 354; Baltimore & O. R. R. Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643.

[6] The plaintiff has not moved to remand the cause upon the ground above considered; but the court may and should remand the cause upon its own motion, if the case, though a removable one, is not properly removed. Crehore v. Ohio, etc., Ry. Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144; Burnham v. First National Bank, 53 Fed. 163–167, 3 C. C. A. 486; Barth v. Coler, 60 Fed. 466, 9 C. C. A. 81.

It is also urged by the Cedar Valley Company that the record shows a separable controversy between the plaintiff and that company, because it appears from the plaintiff's petition that the bill of sale made by the plaintiff to secure the loan from the Railway Company was taken in the name of the Cedar Valley Company, and that company alone was the owner of the property. This question need not be considered, for, if it be true, it does not enlarge the time within which the Cedar Valley Company must apply for the removal of the suit. But see, however, Louisville & N. Ry. Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63; Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823; Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Little v. Giles, 118 U. S. 596, 601, 7 Sup. Ct. 32, 30 L. Ed. 269; Plymouth Mining Co. v. Amador Canal Co., 118 U. S. 264, 6 Sup. Ct. 1034, 30 L. Ed. 232.

The motion to remand must be and is sustained, at the cost of the removing defendant; and it is so ordered.