**AMERICAN FOUNTAIN SUPPLY & PRODUCTS, Inc., v. CALIFORNIA CRUSHED FRUIT CORPORATION.**

District Court, D. Minnesota, Third Division. August 10, 1927.

No. 1725.

Removal of causes ⟨⟩79(2)—Where state statute fixes time for answering, petition for removal must be filed at or before that time (Judicial Code, § 29 [28 USCA § 72]).

The provision of Judicial Code, § 29 (28 USCA § 72 [Comp. St. § 1011]), requiring petition for removal to be filed at or before the time "defendant is required by the laws of the state or the rule of the state court * * * to answer or plead," is imperative, and where a state statute fixes the time to answer the petition must be filed at or before that time, and cannot be filed after that time, though the time for answering may have been extended by stipulation or order of court.

At Law. Action by the American Fountain Supply & Products, Incorporated, against the California Crushed Fruit Corporation. On motion by plaintiff to remand to state court. Granted.

Kerr, Nelson, Burns & Mohan, of St. Paul, Minn., for plaintiff.

Edgerton, Dohs & Edgerton, of St. Paul, Minn., and Selover & Mansfield, of Minneapolis, Minn., for defendant.

JOHN B. SANBORN, District Judge. This cause was commenced in the state district court against the defendant, a resident of California. Jurisdiction was obtained through garnishment, and the summons was served in California. The time to answer would have expired June 28, 1927, except for a stipulation, entered into by the attorneys, extending the time "to move, plead, demur, or answer" for an additional period of 20 days. Within the time to answer as extended, but after June 28th, the case was removed to this court. It appears that, as a condition of being granted additional time to answer, the defendant was required to file a general appearance in the state court, which it did, but it has filed no pleading of any kind therein.

There is a disagreement between counsel as to what effect the stipulation was to have —whether it was conditioned upon the submission of the defendant to the jurisdiction of the state court or not—but this is of no importance. It must be given whatever effect its language entitles it to, and this court cannot be asked to reform it at this time in this proceeding.

Section 29 of the Judicial Code (section 1011, Comp. Stat. 1916 [28 USCA § 72]) provides that a party entitled to remove a cause "may make and file a petition, duly verified, in such suit in such state court at the time, or any time before, the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff."

In the state of Minnesota, the law requires that a defendant file or serve an answer within 20 days. Section 9225, General Statutes 1923. Section 5690, General Statutes Minnesota 1923, permits an attorney to bind his client by a written stipulation such as the one here involved. Section 9283 provides that the court, in its discretion, may permit an answer to be made after the time limited. It is evident, therefore, that the effect of the stipulation in this case was to give the defendant 20 days' additional time to plead, and it could not be compelled to an-

swer or be adjudged in default until the expiration of that time.

Whether such a stipulation extends the time to file a petition for removal is a question with reference to which there is a lack of harmony in the federal courts. I do not find that the exact situation here presented has been before the United States Supreme Court or the Circuit Court of Appeals of this circuit. The lack of uniformity shown by the various cases cited by counsel and found in the reports seems to have arisen because of the fact that the words used in section 29 of the Judicial Code can be construed to mean the time fixed by law or rule of court for answering or pleading in all civil cases generally, or the time required by law for answering in cases where a stipulation or order of court has been made extending that time.

Ruling Case Law (23 R. C. L. 742) says: "According to the weight of authority a stipulation of the parties extending the time to plead to the complaint or declaration does not extend the period in which a petition for removal can be made. And a majority of the courts also hold that the reference in the federal statute to the rule of the state court as to time to answer or plead relates, not to special orders granted upon application or stipulations of parties in any given case, but rather to a general rule fixing the date at which all defendants are required to appear in order to avoid being held in default"— citing Austin v. Gagan (C. C.) 39 F. 626, 5 L. R. A. 476; Wilson v. Big Joe Block Coal Co., 135 Iowa, 531, 113 N. W. 348, 14 Ann. Cas. 266; Nichols v. Stevens, 123 Mo. 96, 25 S. W. 578, 27 S. W. 613, 45 Am. St. Rep. 514.

The Supreme Court of the United States, in the case of Kansas City, etc., Railroad Co. v. Daughtry, 138 U. S. 298, 303, 11 S. Ct. 306, 308 (34 L. Ed. 963) said: "The statute is imperative that the application to remove must be made when the plea is due, and because a plaintiff in error does not take advantage of his right to take judgment by default, it cannot be properly held that he thereby extends the time for removal." This is in point, because the defendant was by order of court permitted to plead to the merits after default. Substantially the same rule is laid down in the case of Martin's Administrator v. Baltimore & Ohio Railroad Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311.

Judge Reed, of Iowa, in the case of Waverly Stone & Gravel Co. v. Waterloo, C. F. & N. Ry. Co. (D. C.) 239 F. 561, and Judge Sanborn, sitting as a Circuit Judge, in the case of Ruby Canyon Gold Min. Co. v. Hunter (C. C.) 60 F. 305, both passed upon this question. These cases are in accord, and in his opinion Judge Sanborn says that the act "which requires the petition for removal to be filed in the state court 'at the time, or any time before, the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff,' is imperative, and requires the petition to be filed within the time fixed by the statute (where the statute fixes it), or within the time fixed by the rule of court (where the rule of court fixes it), and not within any time that a defendant may obtain by stipulation with the plaintiff, or by order of court. This construction secures uniformity in the practice, prevents delays, and I think is in accord with the evident intention of Congress."

These two opinions state as clearly and well as can be stated the reasons for the conclusion that a petition for removal must be filed within the time fixed by the state statute for answering, and cannot be filed after that time, although the time for answering may have been extended by stipulation or order of court.

The motion to remand is granted.