**COCO et al. v. ALTHEIMER et al.**

No. 652.

District Court, W. D. Louisiana,
Alexandria Division.

Aug. 25, 1942.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, La., for plaintiffs.

Winston K. Joffrion, of Marksville, La., Thaddeus G. Benton, of New York City, and J. D. Barksdale, of Shreveport, La., for Stoops heirs.

PORTERIE, District Judge.

Of the three grounds offered by plaintiff for remanding this case to the state court, only one—that the removal petition was not timely filed—has been urged upon oral argument and on brief.

The facts: Service of the petition on the curator ad hoc for the Stoops heirs (the only defendants who have petitioned to remove) was made on December 10, 1941. On December 31, 1941, the state court, upon motion of the Stoops heirs for an extension of time, entered the following order:

"It is ordered that movers named in the foregoing motion be granted an additional 30 days from this date to plead to plaintiffs' petition."

The court granted further extensions to the Stoops heirs: to February 10, to February 28, and to March 31, 1942. The last extension was by order, reading:

"It appearing to the court that there should be granted further time to plead in this matter, it is therefore ordered that said above-named persons be allowed up to and including March 31, 1942, to plead to plaintiffs' petition."

Upon motion by the other defendants, Altheimer and the two corporations, the state court granted the same extensions.

The Stoops heirs, on March 30, 1942, served written notice on plaintiffs that they would file in the state court their petition and bond for the removal of the case to this court. On March 31, 1942, the petition for removal and bond was filed. On the same date the state court ordered the removal of the case, in the following language: " * * * and it appearing to this court that said defendants have filed their petition for such removal in due form and within the required time, and that said defendants have filed their bond duly conditioned, as proved by law, and it being shown to the court that the notice re-

quired by law of the filing of said bond and petition had prior to the filing thereof been served upon the plaintiffs herein, which notice the court finds was sufficient and in accordance with the requirements of the statutes, and it appearing to this court that this is a proper cause for removal to the said district court of the United States * * *."

On or about March 30 or 31, the answers of Altheimer and the two corporations were filed. They have not petitioned for removal.

The certified copy of the record in the state court was filed within the 30 days required. On April 29, the motion by the plaintiffs to remand to the state court was filed, and the hearing on the issue has been continued from time to time.

The law: The applicable part of Title 28 U.S.C.A. § 72, Judicial Code, Section 29, is, as follows: " * * * at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, * * *."

Article 180 of the Code of Practice of the state of Louisiana fixes the "Time allowed for answering legal citation" (compiler's title) in the following language:

"The delay to be expressed in a citation consists of ten days to be counted from the time the citation has been served, which are allowed to the defendant to comply with the demand of the petitioner if the defendant resides in the place where the court is held, or within ten miles of such place. If the defendant resides at a greater distance, the aforesaid delay shall be increased by one day for every ten miles that his residence is distant from the place of holding the court before which he is cited to appear; the delay in no case shall exceed fifteen days in all. In counting the ten days, neither the day when the citation has been served, nor the day when the delay expires are included."

■ Since service was made on December 10, 1941, the expiration date for removal (under the provisions of Article 180) was December 26, 1941. When the defendant, or defendants, appeared on December 31, 1941, to ask for an extension of time to answer in the state court, the right of the defendant, or defendants, to remove the case to the federal court had ceased to exist—at the end of the day of December 26, 1941. Any further extension of time to answer in the state court, granted by the state judge, did not extend the time for removal to the federal court.

We say this in full realization (a) of the language of Section 72 afore-quoted, and (b) of the language of Article 316 of the Louisiana Code of Practice: "When the defendant appears, he may pray for further time to answer, and the court may grant a further delay, if necessary for the purposes of justice."

■ We believe the following extended quotation from the case of American Fountain Supply & Products, Inc., v. California Crushed Fruit Corporation, D.C. 1927, 21 F.2d 93, 94, itself containing quotations of other cases, sustains our holding:

"Ruling Case Law (23 R.C.L. 742) says: 'According to the weight of authority a stipulation of the parties extending the time to plead to the complaint or declaration does not extend the period in which a petition for removal can be made. And a majority of the courts also hold that the reference in the federal statute to the rule of the state court as to time to answer or plead relates, not to special orders granted upon application or stipulations of parties in any given case, but rather to a general rule fixing the date at which all defendants are required to appear in order to avoid being held in default'—citing Austin v. Gagan, C.C., 39 F. 626, 5 L.R.A. 476; Wilson v. Big Joe Block Coal Co., 135 Iowa 531, 113 N.W. 348, 14 Ann.Cas. 266; Nichols v. Stevens, 123 Mo. 96, 25 S.W. 578, 27 S.W. 613, 45 Am.St.Rep. 514.

"The Supreme Court of the United States, in the case of Kansas City, etc., Railroad Co. v. Daughtry, 138 U.S. 298, 303, 11 S.Ct. 306, 308, 34 L.Ed. 963, said: 'The statute is imperative that the application to remove must be made when the plea is due, and because a plaintiff in error does not take advantage of his right to take judgment by default, it cannot be properly held that he thereby extends the time for removal.' This is in point, because the defendant was by order of court permitted to plead to the merits after default. Substantially the same rule is laid down in the case of Martin's Administrator v. Baltimore & Ohio Railroad Co., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311.

"Judge Reed, of Iowa, in the case of Waverly Stone & Gravel Co. v. Waterloo, C. F. & N. Ry. Co., D.C., 239 F. 561, and

Judge Sanborn, sitting as a Circuit Judge, in the case of Ruby Canyon Gold Min. Co. v. Hunter, C.C., 60 F. 305, both passed upon this question. These cases are in accord, and in his opinion Judge Sanborn says that the act 'which requires the petition for removal to be filed in the state court "at the time, or any time before, the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," is imperative, and requires the petition to be filed within the time fixed by the statute (where the statute fixes it), or within the time fixed by the rule of court (where the rule of court fixes it), and not within any time that a defendant may obtain by stipulation with the plaintiff, or by order of court. This construction secures uniformity in the practice, prevents delays, and I think is in accord with the evident intention of Congress.'

"These two opinions state as clearly and well as can be stated the reasons for the conclusion that a petition for removal must be filed within the time fixed by the state statute for answering, and cannot be filed after that time, although the time for answering may have been extended by stipulation or order of court."

 Since the year 1894, when the applicable part of the statute read as now, the language of our courts has been strong and clear. In the case of Daugherty v. Western Union Tel. Co., C.C., 61 F. 138, 139, is found the following:

" * * * It has been said by the supreme court in construing this statute 'that it is imperative that the application to remove must be made when the answer is due.' [Kansas City, etc.], Railroad Co. v. Daughtry, 138 U.S. 298, 11 S.Ct. 306 [34 L.Ed. 963]. The right of removal is created and regulated by the act of congress, and its enjoyment cannot be claimed except within the time and in the manner prescribed by the statute. It is firmly settled that the time within which the removal may be had cannot be enlarged by continuances, demurrers, motions to set aside service of process, pleas in abatement, or by stipulations of the parties, or by orders of the court extending the time to answer."

See, also, in support, Thomason v. Davis et al., D.C., 51 F.2d 1059, and Zeagler v.

Hunt et al., D.C., 38 F.Supp. 68, both being expressions from this district.

The motion to remand to the state court is granted and judgment will be signed accordingly.