### BABBITT *v.* CLARK.

1. Under the act of March 3, 1875, c. 137 (18 Stat., pt. 3, p. 470), a writ of error is the proper mode for reviewing here the order of the Circuit Court remanding an action at law removed thereto from a State court, and it lies without regard to the value of the matter in dispute.
2. The removal should not be granted, if the petition therefor be not filed in the State court before or at the term at which the action could be first tried, and before the trial thereof. Where, therefore, a cause, by the practice of the State court, stood for trial upon the issue raised by the petition and answer, the rule-day having expired without filing a reply, and the plaintiff then filed in the clerk's office a reply, without leave or notice, and the cause was continued until the ensuing term, when, before the cause was called for trial, the defendant presented his application for its removal, — *Held*, that the application should not have been granted, and the order of the Circuit Court remanding the cause was proper.

APPEAL from the Circuit Court of the United States for the Northern District of Ohio.

The facts are stated in the opinion of the court.

*Mr. John C. Lee* for the appellant.
*Mr. Isaac C. Pugsley* for the appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought by Parker P. Clark, George H. Clark,

Elijah F. Clark, and George P. Burnett, the appellees, citizens of New York, in the Court of Common Pleas of Lucas County, Ohio, against Albert T. Babbitt, the appellant, a citizen of Wyoming Territory.   By the statutes of Ohio regulating practice and pleadings in the courts of that State, a civil action is commenced by filing a petition in the office of the clerk of the proper court, and causing a summons to be issued thereon. Rev. Stat., Ohio (1880), sect. 5035.   The summons is ordinarily returnable the second Monday after its date. Id., sect. 5039.   The only pleadings are, a petition, demurrer, answer, and reply.  Id., sect. 5059.   The rule-day for the answer or demurrer to a petition is the third Saturday, and for a reply to the answer the fifth Saturday, after the return-day of the summons; but the court, or a judge thereof in vacation, may for good cause shown extend the time.  Id., sects. 5097, 5098. Every material allegation of the petition not controverted by the answer, and every material allegation of new matter in the answer not controverted by the reply, is for the purposes of the action to be taken as true, but the allegation of new matter in the reply is deemed controverted by the adverse party. Id., sect. 5081.   When the action is founded on a written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the petition.  Id., sect. 5085.  A trial is defined to be " a judicial examination of the issues, whether of law or fact, in an action or proceeding."  Id., sect. 5127. And all actions are triable as soon as the issues therein, by the time fixed for pleadings, are, or ought to have been, made up. Id., sect. 5135.

The petition in this action was filed on the 28th of October, 1878, and alleged that on the 10th of June, 1878, the plaintiff recovered judgment in the Court of Common Pleas of the City, County, and State of New York, against Babbitt and one Edgar A. Weed for $2,626.80 debt and costs, which was in full force and unsatisfied, except ".by the following payments, to wit, one of $311.92, and a further payment of $887.50 made, to wit, Oct. 1, 1878."   Judgment was asked for the balance which remained unpaid, and interest at seven per cent.   From the record of the New York suit found in the transcript sent up on this appeal, it appears that the action in that court

was brought Aug. 7, 1877, to recover a debt for goods sold Babbitt & Weed, Feb. 8, 1877, which it was alleged had been created by the fraud of Babbitt. The answer, which was by Babbitt alone, admitted that the debt had been contracted, but denied the fraud. It then alleged by way of defence, that on the 7th of July, 1877, proceedings in bankruptcy were instituted against Babbitt and Weed in the District Court of the United States for the Northern District of Ohio, which resulted in the acceptance by the creditors of the bankrupts and an approval by the court of a proposition for composition under sect. 17 of the act of June 22, 1874, c. 390 (18 Stat., pt. 3, p. 182), by which the bankrupts were to give their notes indorsed by T. S. Babbitt to their several creditors for forty cents on the dollar of their debts, divided into three equal parts, and payable in three, six, and nine months, respectively, from July 15, 1877, and that notes for the several amounts due the plaintiffs, according to the terms of the composition, were executed and tendered them in proper time, and ever since had been and were subject to their order and disposal. Upon the issue thus made a trial was had, which resulted in the judgment now sued on.

The summons in the present action bears date Dec. 4, 1878, and Jan. 4, 1879, at rules, Babbitt filed his answer, in which he denied that the several payments credited on the judgment in the petition were made by himself or Babbitt & Weed, but averred that the item of $311.92 was collected by a sale of property on execution, and that of $887.50 was paid the plaintiffs by John R. Osborn, a register in bankruptcy. He then set forth the proceedings in bankruptcy and the composition, substantially as stated in his answer in the New York suit. He then alleged that the composition notes intended for the plaintiffs were paid to Osborn, the register in bankruptcy, as they matured, and that on the 11th of September, 1878, the plaintiffs took from the register the money in his hands for them, with a full knowledge of all the facts.

The rule-day for a reply to this answer was Jan. 18, 1879, but no reply was filed at that time, and no extension of time was asked or given.

The cause, therefore, under the law regulating the practice

of the court, stood for trial on the issues presented by the petition and answer. A term of the court began on the 2d of January, and did not end until the 7th of April, though nothing but formal business was done after March 24.

On the 3d of April the plaintiffs filed in the clerk's office a reply without leave of the court, and without notice to Babbitt or his counsel. In this reply the facts in relation to the New York suit are set forth substantially as they appear on the record sued on, and it was insisted that the acceptance of the money from the register in bankruptcy did not operate in law as a satisfaction of the judgment. The next term of the court began on the 28th of April, and on the 3d of May the plaintiffs, also without leave of the court, filed an amendment to their reply, in which they set out certain unsuccessful proceedings by Babbitt in the New York court on the 5th of July, 1878, to obtain an injunction against the further execution of that judgment because of his payment of the composition notes to the register in bankruptcy.

On the 17th of May, which was during the term of the court that began on the 28th of April, and before the cause had ever been called for trial, Babbitt filed his petition to remove the suit to the Circuit Court of the United States for the Northern District of Ohio, on the ground that his defence, " which was made by answer filed in due time," was " one arising under the Constitution and laws of the United States." The State court ordered the suit transferred, but the Circuit Court on motion remanded it because the petition for removal was not filed in time. To reverse that order the case has been brought here by *appeal.*

It is insisted that we have no jurisdiction, — 1, because an order of a circuit court remanding a cause to a State court on the ground that the petition for its removal from that court had not been presented in time, is not reviewable here either on writ of error or appeal; 2, because, if reviewable at all, this case should have been brought here by writ of error rather than appeal; and, 3, because the value of the matter in dispute does not exceed $5,000.

Before the act of 1875, c. 137 (18 Stat. 470), we held that an order by the Circuit Court remanding a cause was not such

a final judgment or decree in a civil action as to give us jurisdiction for its review by writ of error or appeal. The appropriate remedy in such a case was then by *mandamus* to compel the Circuit Court to hear and decide. *Railroad Company* v. *Wiswall*, 23 Wall. 507; *Insurance Company* v. *Comstock*, 16 id. 258. But the fifth section of that act provides that if it satisfactorily appears to the Circuit Court that a suit has been removed from a State court which does not really and substantially involve a controversy properly within the jurisdiction of the Circuit Court, it may be remanded, and the order to that effect shall be reviewable by this court " on writ of error or appeal, as the case may be."

The appellees contend that the right of appeal or writ of error which is here given applies only to cases which are remanded because the subject-matter of the controversy is not one within the jurisdiction of the Circuit Court. The language of the statute might be more explicit in this particular than it is; but we think it may fairly be construed to include a case where the Circuit Court decides that the controversy is not properly within its jurisdiction because the necessary steps were not taken to get it away from a State court, where it was rightfully pending. The right to remove a suit from a State court to the Circuit Court of the United States is statutory, and to effect a transfer of jurisdiction all the requirements of the statute must be followed. If this is done, the controversy is brought properly within the jurisdiction of the Circuit Court, and may be lawfully disposed of there; but if not, the rightful jurisdiction continues in the State court. When, therefore, the Circuit Court decides that a controversy has not been lawfully removed from a State court, and remands the suit on that account, it in effect determines that the controversy involved is not properly within its own jurisdiction. The review of such an adjudication is clearly contemplated by the act of 1875.

We think, also, this right of review has been given without regard to the pecuniary value of the matter in dispute. There is no pecuniary limit fixed to our jurisdiction in the act of 1875 itself. Final judgments and decrees in the circuit courts in civil actions cannot ordinarily be brought here for review unless

the value of the matter in dispute exceeds $5,000 (Rev. Stat., sects. 691, 692; 18 Stat. 315, c. 77, sect. 3); but an order of the Circuit Court remanding a removed suit to the State court is in no just sense a final judgment or decree in the action. It simply fixes the court in which the parties shall go on with their litigation. Under the old law there was no pecuniary limit to our jurisdiction to proceed in this class of cases by *mandamus*, and we think it was the intention of Congress to substitute appeals and writs of error for that mode of proceeding. If the new remedies are found to be productive of vexatious delays on account of the great accumulation of business in this court, it will be easy for Congress to do away with the evil by a repeal of the law. It follows that if the order in question could properly be brought here by appeal, we have jurisdiction.

Congress evidently intended that orders of this kind made in suits at law should be brought here by writ of error, and that where the suit was in equity an appeal should be taken. That is the fair import of the phrase, " writ of error or appeal as the case may be." This was a suit at law, and consequently should have been brought up by writ of error. There seems to have been very little attention paid to this distinction heretofore, and we now find that we have often considered cases on writ of error that ought to have been presented by appeal, and on appeal when the proper form of proceeding would have been by writ of error. No objection was made, however, at the time, and we did not ourselves notice the irregularity. Without deciding whether we would reverse the order of a circuit court if objection were made when the case was brought up in a wrong way, we are not inclined to delay a decision on the merits in this case because of the irregularity which appears, as we think the suit was properly remanded, and the order to that effect should be affirmed.

The act of 1875 requires that the petition for removal shall be filed in the State court at or before the term at which the suit could be first tried and before the trial. The answer of Babbitt in this case was filed in time, and the rule-day for a reply expired on the 18th of January. Had the case been called at any time after that date and before April 3, neither

party could have objected to a trial on the pleadings as they then stood. As no reply had been filed, the new facts set out in the answer would have been taken as true, and the rights of the parties determined accordingly. The case arising under the Constitution and laws of the United States was presented by the answer, and the right of Babbitt to his removal was as apparent then as now. It needed no reply to put his case in a condition for judicial examination. His answer required the court to determine whether in law, with all the facts set out and uncontroverted, his composition in bankruptcy presented a valid defence to the judgment sued on. The pleadings presented, to say the least, an issue of law to be tried.

It is true that after the court had substantially closed the business of the term, and had stopped the trial of causes, a reply was put on file without leave, which was supplemented the next term, also without leave, and that in this way the issues as they originally stood may have been to some extent changed; but that does not, in our opinion, relieve Babbitt from the consequences of his delay. The act of Congress does not provide for the removal of a cause at the first term at which a trial can be had on the issues, as finally settled by leave of court or otherwise, but at the first term at which the cause, as a cause, could be tried. Under sect. 12 of the act of 1789, c. 20 (1 Stat. 79), the application for removal must have been made by the defendant when he entered his appearance, but under the acts of 1866, c. 288 (14 Stat. 306), and 1867, c. 196 (id. 558), it might be effected at any time before trial. This was the condition of existing legislation when the act of 1875 was passed, and the language of that act shows clearly a determination on the part of Congress to change materially the time within which applications for removal were to be made. It was more liberal than under the act of 1789, but not so much so as in the later statutes. Under the acts of 1866 and 1867 it was sufficient to move at any time before actual trial, while under that of 1875 the election must be made at the first term in which the cause is in law triable.

Clearly, under the laws of Ohio, this case was in a condition for trial, and actually triable, more than two months before the,

January Term closed. It follows that the presentation of the petition for removal at the next term was too late, and the order of the Circuit Court remanding the cause on that account is consequently

*Affirmed*