PULLMAN PALACE CAR COMPANY & Others *v.* SPECK & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Submitted December 18, 1884.—Decided January 5, 1885.

Within the meaning of § 3, act of March 3, 1875, 18 Stat. 471, regulating removals of causes from State courts, a suit in equity may be "first tried" at the term of the State court, at which, by the rules of that court the respondent is required to answer, and the complainant may be ordered to file replication.

This suit in equity, begun in the State courts of Illinois, was removed to the Circuit Court of the United States, and thence remanded to the State court. The defendants appealed from the order remanding it.

*Mr. Edward S. Isham* and *Mr. Huntingdon W. Jackson* for appellants.

*Mr. A. M. Pence* for appellees.

MR. JUSTICE MILLER delivered the opinion of the court.
This is an appeal from an order of the Circuit Court for the

Northern District of Illinois, remanding to the State court a case which had been removed from that court into the Circuit Court.

The removal was prayed for in the petition on the ground that the controversy was between aliens and citizens of the State of Illinois, and one of the points argued before us is that other parties to the suit, with interest opposed to that of the appellants, at whose instance the removal was made, are citizens also of Illinois, and for that reason the suit was not removable.

But we do not pass on this point, because we are of opinion that the application for removal came too late.

The act of March 3, 1875, under which this removal was asked, requires of the party seeking it that he or they " make and file a petition in such suit, in such State court, before or at the term at which such cause could be first tried, and before the trial thereof, for the removal of such suit into the Circuit Court."

Under the act of 1789, § 12, 1 Stat. 79, the right of removal could only be exercised by a defendant in a court of a State of which he was not a citizen, and he was required to make his application for the removal at the time of entering his appearance. The reasons for this were obviously that the plaintiff, who had selected the State court as his forum, should not be permitted to change it after calling his adversary there, and that the defendant, who had a right of removal, and failed to exercise it at the earliest period possible, should be presumed to have acquiesced in the forum chosen by the plaintiff. The law remained in this condition until an act of Congress of July 27, 1866, 14 Stat. 306, authorized an alien, or citizen of a State other than that in which the suit is brought, to remove the cause, though there be other defendants who are citizens of that State, when there can be a final determination of the controversy, so far as he is concerned, without the presence of the other defendants. In this class of cases the petition for removal could be filed at any time before the trial or final hearing of the cause. An act to amend this act, approved March 2, 1867, 14 Stat. 558, authorized either plaintiff or defendant in a

State court, when they were citizens of different States, to remove the suit, on account of prejudice or local influence, into the Circuit Court of the United States, if he filed in the State court an affidavit of the existence of this cause of removal, at any time before the final hearing or trial of the suit. These latter acts do not speak of terms of the courts, or of the appearance of the moving party, but, using the words hearing and trial in their appropriate sense of a hearing in chancery and a trial at law, permit the removal at *any* time before the hearing or the trial is begun. *Removal Cases*, 100 U. S. 457.

The act of 1875 which governs the case before us, while superseding by its general provisions nearly all the removal statutes, prescribes a rule which is neither so stringent as the act of 1789, nor so lax as those of 1866 and 1867. While the party who has a case for removal is not put to his election to exercise or abandon the right to remove at the moment of entering his appearance, he is not permitted unreasonably to delay this election during all the period incident to the preparation of the case, until both parties find themselves in condition to go to trial at law, or are ready for a hearing in chancery. The later act clearly requires more diligence in making the election than this. If it had intended to enact that the removing party had until the case was ready for trial on both sides, or was fully at issue, or was noticed or set down for trial, it would have been easy to indicate this in words. The language, however, which was adopted means a very different thing. It is not the *time* when the case stands ready for trial on the calendar, but the *term* at which it could be *first* tried. Not the term at which the party can no longer *delay* a trial, but the term at which it *could* be first tried. These words have no meaning if they do not mean the first term after the commencement of the suit at which a trial was in order, when such trial was a thing which the urging or pursuing party had a right to look for, and to put his adversary to a showing if he desired a continuance. In the language of this court, "the election must be made at the first term at which the cause is in law triable." *Babbitt* v. *Clark*, 103 U. S. 606. In other words, at that term in which, according to the rules of procedure of the court,

whether they be statutory or rules of the court's adoption, the cause would stand for trial if the parties had taken the usual steps as to pleading and other preparations. This term at which the case could be first tried is to be ascertained by these rules, and not by the manner in which the parties have complied with them, or have been excused for non-compliance by the court or by stipulation among themselves.

On this point the language of McCrary, circuit judge, in *Murray* v. *Holden*, 1 McCrary, 341, is very pertinent.

"One of the objects," he says, "of the act of 1875 was to prevent the abuses which had been practised under the acts of 1866 and 1867, which allowed a removal at any time before the final hearing. It was evidently the purpose of Congress to fix an earlier and a definite time, which would not permit the litigant to experiment in the State court until satisfied he would fail there, and then change his forum. In all the States there is by law or rule a trial term—*i. e.*, a term at which a cause may for the first time be called for trial. In practice but few contested cases are tried at the first trial term, and it often happens that controversies arise upon questions of pleading, so that, as in this case, no issues of fact are joined at that term. It is nevertheless the term at which, within the meaning of the law, such cases first could be tried, and therefore is the term at or before which the petition for removal must be filed."

The case of *Babbitt* v. *Clark, supra,* in this court, is also in point. The court there says: "The act of Congress does not provide for the removal of a cause at the first term at which a trial can be had on the issues as finally settled by leave of court or otherwise, but at the first term at which the cause, as a cause, could be tried."

Under this construction of the statute, which is undoubtedly sound, there is no difficulty in deciding this case. While it is a chancery cause, the same principles must govern it, though it may require a little more care in determining when it could be first tried.

It appears by a stipulation in the case that the first Monday in every month is the beginning of a new term of the Superior Court of Cook County, from which this suit was removed. It

also appears that the suit was brought to the September term, 1883, of that court, and the defendants, who were the removing party and are also appellants here, obtained an extension of time by order of the court for thirty days from September 20, to answer the original bill, and like time was granted to the defendants in a cross-bill to answer that. This time was extended afterwards in both cases by agreement of counsel until January 11, 1884, and on that day they were filed. The application for this removal was made in the February term, 1884.

It thus appears that, including the appearance term at which the case might have been tried, if appellant had answered according to rule instead of obtaining an extension of thirty days by order of the court, there were five terms of the court at which the motion could have been made for removal, in which no such motion was made. We see no reason why this case was not triable at any of those terms according to the due course of proceedings in such cases. The only reason why it was not so tried, was the time beyond that of the usual course prescribed by rule, which was obtained by order of the court or by agreement of the parties. The case was certainly triable at the January term, after the answers were all in, for it could have been then tried on bill and answer, or the plaintiff have been forced to file replication, which could have been done instanter.

*The decree of the Circuit Court remanding the case to the State court is affirmed.*