WILKINSON and others *v.* DELAWARE, L. & W. RY. Co.

*(Circuit Court, D. New Jersey.* March 13, 1885.)

REMOVAL OF CAUSE—DEMURRER—TIME OF APPLICATION—STIPULATION TO FILE NEW PLEADINGS.

Where a demurrer has been filed in a cause pending in the state court raising an issue that would be triable at the regular term of the state court, but a stipulation has been filed by which it is agreed to withdraw the pleadings and file a new declaration and plea making an issue of fact, the case cannot, after the term at which the demurrer would have been heard, be removed to the United States court.

Motion to Remand.

NIXON, J. A second application is now made to remand this cause to the state court. On the first, I refused to remand, for reasons stated in the opinion filed. 22 FED. REP. 353. I think the decision was correct, in the light of the facts as they were then presented to the court; but on this renewal of the motion the facts appear quite materially changed. In the moving papers there is (1) the affidavit of Arthur H. Ely, of counsel with the plaintiffs, showing that on the tenth December, 1883, a declaration was filed in the action in the supreme court of New Jersey, where the suit was originally commenced; on the twenty-second of the same month, demurrer; and on the eighth of January, 1884, a joinder in demurrer; and (2) copies of the said declaration, demurrer, and joinder in demurrer, with a stipulation of the parties, dated June 4, and filed June 6, 1884, signed by the respective attorneys, in which it was agreed as follows:

"It is hereby stipulated and agreed by and between the attorneys of the plaintiff and defendant in the above case: (1) That the plaintiff shall, within twenty days from that date hereof, file an amended declaration; (2) that from the time of the filing of said declaration the demurrer heretofore filed by the defendant shall be withdrawn and of no effect; (3) that the defendant will plead to said amended declaration within thirty days from the date of service of the same upon his attorneys; (4) that the above shall be without prejudice or costs against either party, but each shall pay their own costs.

"*Dated June* 4, 1884."

—and (3) the certificate of the clerk under the seal of the court verifying the said papers as true copies of the declaration, (original,) demurrer, and joinder thereto, and the stipulation in said cause, as the same remained on file in his office. Acting under the provisions of this stipulation, the amended declaration was filed June 12, 1884; a plea of the general issue July 5, 1884; and the *similiter* July 12, 1884.

It appears from the Revised Statutes of New Jersey (tit. "Courts") that the then stated terms of the supreme court, where issues of law were triable, are held on the fourth Tuesday of February, and the first Tuesdays of June and November, of each year; and the stated terms of the Hudson county circuit court, where the issues in fact were triable, are on the first Tuesdays of April, September, and De-

cember. The petition for removal was filed October 18, 1884. The demurrer put in by the defendant to the first declaration was general, alleging that the matters therein contained were not sufficient in law to maintain the action. If a plea had been filed an issue of fact would have been formed, which would have been tried at the May term of the Hudson county circuit, but the demurrer raised an issue of law which could have been argued in the regular course of practice at the June term of the supreme court. Instead of this the parties agreed, in their stipulation, to withdraw the pleadings and file a new declaration and plea making an issue of fact. The question is, did the defendant, by such action, lose its right under the third section of the act of March 3, 1875, to remove the cause into the federal court? The construction of the section by the supreme court in *Babbitt* v. *Clark*, 103 U. S. 606; *Alley* v. *Nott*, 111 U. S. 472; S. C. 4 Sup. Ct. Rep. 495; *Scharff* v. *Levy*, 5 Sup. Ct. Rep. 360; and *Pullman Palace Car Co.* v. *Speck*, 113 U. S. 84; S. C. 5 Sup. Ct. Rep. 374, renders it manifest that the right of removal has been lost by the delays of the parties in pleading; and the cause is accordingly remanded.