DAVIES, Receiver, etc., *v.* MARINE NAT. BANK.

(*Circuit Court, S. D. New York.* April, 1885.)

REMOVAL OF CAUSE — ACTION AGAINST RECEIVER OF NATIONAL BANK—TIME OF REMOVAL.

    A receiver of an insolvent bank commenced an action against the receiver of a national bank in the state court by summons, without any complaint setting out his cause of action, at a time early enough to make it triable at the April term of the court, if the pleading had been promptly put in; but the time of filing the complaint was extended to the April term, when plaintiff moved for an order for the examination of the officers of the national bank, to enable him to make complaint; and, in support of the motion, filed an affidavit stating that his cause of action arose out of the fact that the bank, of which plaintiff was receiver, had paid to defendant's bank illegal interest, and that by the statutes of the United States defendant became indebted to his bank for twice the amount so paid. If the examination had been had instantly, and a complaint been framed at once, the cause would not have been triable in due course until the May term, and at that term it was removed to the United States court. *Held*, that the cause was removable, and that the application for removal was made in time.

Motion to Remand.

*William B. Hornblower*, for plaintiff.

*Charles W. Bangs*, for defendant.

WHEELER, J. This suit appears to have been commenced in the state court by summons, without any declaration or complaint showing for what cause of action, at a time early enough to make it triable at the April term of that court, if the pleadings had been promptly put in. But the time of filing the complaint was extended until into the time of the April term. Then the plaintiff moved for an order for the examination of the officers of the defendant bank to enable him to make a complaint, and, in support of that motion, filed his affidavit setting forth what his cause of action was, as appears to be required in such proceedings. At that time, if the examination had been had instantly, and a complaint had been framed at once, the cause would not have been triable in due course until the May term of the state court, and at that term it was removed to this court. The affidavit stated that the cause of action arose out of the fact that the firm of which the plaintiff is receiver had paid to the defendant bank various sums of money as interest, in excess of the rate allowed by the laws of New York, and of that limited for the banks of the state

of New York, and that, by the provisions of the statutes of the United States, the defendant became indebted to the firm for twice the amount of the interest so paid. This motion to remand is made upon the grounds that the action does not appear to be one that is removable, and that the removal was too late. It is argued that the statement of the cause of action in the affidavit was for the purpose of the examination only, and that the complaint may be for some cause of action entirely different, and not arising under the laws of the United States at all; and that, as the case could have been tried at the April term, if the complaint and proceedings had been prompt, it was not removable after that term. *Pullman Palace Car Co.* v. *Speck*, 113 U. S. 84, S. C. 5 Sup. Ct. Rep. 374, is much relied upon in support of the latter proposition.

It is to be noticed that the statute under which the removal was had does not refer at all to the pleadings in the action for a guide. There is only to be a matter in dispute arising under the laws of the United States. The mode of bringing on the dispute, or of making its nature to appear, is left open. Act of March 3, 1875; Supp. Rev. St. 174, § 2. The plaintiff took such proceedings under the law of procedure of the state as required him to show forth his cause of action. When done as required, he had exhibited a cause of action arising obviously and confessedly under the laws of the United States as the matter in dispute. This has not been changed; and he does not now say that it could be changed, if he could be heard to say so at this stage. The cause, as made, appears to be clearly removable in character; and, from this statement of the case, it appears that the cause has not yet even progressed far enough so that it could be tried on its merits, of either law or fact, at any term. The defendant has not yet been called upon, or had any opportunity, to answer, or had anything to answer. A default could not be taken even so as to be followed by a judgment, for there is no declaration, or anything in the nature of one, on which to make up a judgment. This case appears to be outside of the principles of the case relied upon. *McLean* v. *Railway Co.* 17 Blatchf. 363,

Motion denied.