PUTNAM, Circuit Judge.
This is a “plea of land,” or “real action,”brought in the superior court of Massachusetts. The defendant filed the proper petition and bond to remove the cause to this court. They were filed at such a date that pursuant to the act of August 13, 1888, c. 866, § 1 (25 Stat. 433), the bond was necessarily conditioned for entering the copy of the record in this court at the May term, 1897. During the October term, 1896, of this court, the plaintiff asked leave to file a copy of the record, and moved this court to forthwith remand the case. The defendant claims that we have no jurisdiction to enter? tain this motion prior to the May term.
The weight of authority and the reason of the case seem to be with the plaintiff so far as concerns this proposition. The statute contains no express provision on this topic; and the most that can be said in regard to it is that its requirements looking to the entering of the *307 copy of the record in the circuit court at a specific term raise an implication that the cause is not pending there until that time. However, it does not expressly prohibit either party from entering such copy at an earlier term; and what it does not prohibit cannot be held to be a legal impossibility. Various expressions of the supreme court make it certain that, after the filing of proper removal papers, a case is no longer pending in the state court for any useful end; and there seems to be no theory nor fiction of law which renders it illogical to maintain that, for practical purposes, it must be regarded as pending in one court, if not in the other. Gross injustice would often be done) and great hardships ensue, if it should be held that there was an interregnum during which no court could make interlocutory orders, no matter how great the necessity; and we are not inclined to the view that such is the law. However, in the absence of any ruling on this question by the supreme court, we prefer not to hazard unnecessarily the chance of laying a serious error in the very foundation of this litigation, and we believe that the expression of our views" on the remaining question presented to us will enable the parties to accomplish seasonably practical results with safety.
The only reason for remanding now relied on by the plaintiff is that the removal papers were not seasonably filed in the superior court. A rule of that court provides that “demurrers, answers and pleas in abatement, and motions to dismiss, shall be filed within the time allowed by law for entering an appearance, unless otherwise ordered by the court for good cause shown”; and the time allowed by law, as provided by the acts and resolves of Massachusetts (St. 1885, c. 384, § 7), for entering an appearance, is ten days after the return day of the writ. The removal papers were not filed until after the expiration of the ten days named. This rule, or one of the same character, has prevailed so long in all the superior courts of judicature of Massachusetts that it has become universally known as a general principle of practice. Under a like rule of the supreme court of New Hampshire, in First Littleton Bridge Corp. v. Connecticut River Lumber Co. (September 24, 1805) 71 Fed. 225, we applied the expressions of the supreme court in Martin’s Adm’r v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, and held that the rule limited the time for filing removal papers in the manner claimed by the plaintiff in the cause at bar. Judge Simonton, in Mahoney v. Association (November 7, 1895) 70 Fed. 513, declined to follow the expressions of the supreme court, on the ground that they were not essential to the decision of the case referred to. Notwithstanding the great weight to be given to whatever comes from that learned judge, we do not consider ourselves at liberty to follow him. The expressions of the supreme court in Martin’s Adm’r v. Railroad Co. were repeated by it in Goldey v. Morning News (March 11, 1895) 156 U. S. 518, 524, 525, 15 Sup. Ct. 559, in such way that we must accept them as stating deliberate conclusions of that court which we are not at liberty to disregard. Moreover, in view of the delays in litigation arising unavoidably from the right of removal, the construction of doubtful provisions should be in favor of requiring the greatest diligence from parties exercising that right. The supreme court, in Martin’s Adm’r v. Railroad Co., at page 687, 151 *308 U. S., and page 538, 14 Sup. Ct., gave very substantial reasons in iavor of its expressed rule, as follows:
“Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tiled and determined in the circuit court of the United States.”
These reasons have been re-enforced by the final determination in Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, to the substantial effect that all matters in abatement remain open to be pleaded in the circuit court in suits removed. Therefore, both authority and sound reason require us to abide by our former conclusions.
The rule of the supreme court of New Hampshire did not contain the words'“unless otherwise ordered,” found in that at bar; and, in the case based on that rule, we noted that it was not claimed that the court had the power to enlarge the time. On reflection, we are satisfied that this fact is of no consequence in this class of cases. Nearly every rule and statute fixing periods within which pleadings are to be filed give the courts power to. enlarge the time, and such power is also ordinarily implied. Therefore, if this fact should be held of importance, there would, in a very large proportion of cases, be no practical limit to the period within which a petition for removal could be filed. It was apparently not regarded as an essential one in Railroad Co. v. Daughtry, 138 U. S. 298, 300, 11 Sup. Ct. 306.
The defendant maintains that the rule in question does not apply to real actions; but its whole claim in this respect rests on the fact that certain matters formerly pleaded only in abatement in that class of suits are now pleadable in bar, and on the other fact that certain matters in abatement may now be set up by answer. The first fact does not, however, reach all matters in abatement or demurrers; and the second is met by a late case relied on by the defendant,—Silver Co. v. Smith, 163 Mass. 262, 268, 39 N. E. 1116,—where it is stated that the rule of the supreme judicial court of Massachusetts as to the time of making defenses in abatement still stands. A study of the history of the practice acts of Massachusetts will show clearly that they have no such general .operation with reference to matters in abatement as supposed by the defendant.
In conclusion, it is our opinion that, if the motion to remand be renewed at the May term, it will be granted. It is ordered that the plaintiff's motion to remand stand over to the May term, 1897.