## COLLINS MFG. CO. v. WICKWIRE SPENCER STEEL CO.

(District Court, D. Massachusetts. February 16, 1926.)

No. 2474.

1. **Removal of causes ⟨⟩17—Right to file petition for removal of cause held not lost by appearance or order limiting time for pleading (Judicial Code, § 29, 36 Stat. 1095 [Comp. St. § 1011]; G. L. Mass. c. 214, § 6).**

 Under Judicial Code, § 29 (Comp. St. § 1011), requiring petition for removal to be made at time of or before defendant is required to plead, and G. L. Mass. c. 214, § 6, and Supreme Court rules 8 and 21, allowing 30 days for filing answer in equity cases, defendant who entered general appearance at hearing in injunction suit, which was postponed, *held* not to have lost its right to file petition for removal on July 25, within the 30 days, though court ordered pleadings completed by July 24.

2. **Removal of causes ⟨⟩79(6)—Petition for removal cannot be made within extension of time for pleading to declaration or complaint (Judicial Code, § 29, 36 Stat. 1095 [Comp. St. § 1011]).**

 Under Judicial Code, § 29 (Comp. St. § 1011), petition for removal must be filed within time for pleading fixed by state statute or court rule of general application, and not within any extension thereof by stipulation of parties or court order.

3. **Removal of causes ⟨⟩79(2)—Time for filing petition for removal cannot be shortened by court by restricting time for pleading.**

 Since state courts by extending time for pleading cannot extend time for filing application for removal, neither can they by restricting time for pleading shorten time for filing petition for removal.

4. **Removal of causes ⟨⟩88—Bond for removal failing to show authority of officer signing for surety, if defective, is only formally so (Judicial Code, § 29, 36 Stat. 1095 [Comp. St. § 1011]).**

 Under Judicial Code, § 29 (Comp. St. § 1011), bond for removal of cause to federal court not showing authority of resident vice president signing for surety company, if defective, is only formally so and can be cured by amendment.

5. **Removal of causes ⟨⟩81—Delay in filing certified copy of record occasioned by justice of state court held not to preclude acceptance of transfer.**

 That certified copy of record was not filed in federal court within 30 days from date of filing of petition for removal *held* not to preclude court from accepting transfer, where delay was occasioned by state justice's holding of case under advisement.

In Equity. Suit by the Collins Manufacturing Company against the Wickwire Spencer Steel Company, removed to federal court on petition of defendant. On plaintiff's motion to remand. Motion denied.

John P. Kirby, Wm. H. Brooks, and Brooks, Kirby, Keedy & Brooks, all of Springfield, Mass., for plaintiff.

Warner, Stackpole & Bradlee, Marvin C. Taylor, and H. E. Warner, all of Boston, Mass., for defendant.

BREWSTER, District Judge. The Collins Manufacturing Company (a Massachusetts corporation) filed in the superior court for the county of Hampden, in the commonwealth of Massachusetts, on July 10, 1925, a bill of complaint against the Wickwire Spencer Steel Company (a Delaware corporation), in which bill of complaint the plaintiff alleges interference by the defendant with certain riparian rights of the plaintiff. The plaintiff sought a temporary injunction, and on the same day a notice to show cause why the temporary injunction should not be granted was issued, returnable Saturday, July 18, 1925, at 11:30 a. m.. A summons with attachment was also issued, returnable the first Monday of August, 1925.

On July 18, 1925, defendant, through its attorneys, entered a general appearance, and its attorney came before a justice of the superior court on July 18 for the purpose of opposing the issuing of an injunction and obtaining security in the event an injunction was issued.

For reasons not now important, the hearing on the prayer for a temporary injunction was continued until July 25 at 11 a. m., and the justice orally ordered pleadings to be completed on or before July 24, and a docket entry was made to the effect that pleadings were to be completed on or before July 25 at 11:30 a. m., which entry was later amended, by order of the justice, to show that the pleadings were to be completed on or before July 24, 1925.

On July 25, at 11:45 a. m., defendant filed its petition for removal of the cause to this court, together with bond and affidavit of notice and a motion for hearing at Boston, which was fixed for July 28, 1925, at 10 o'clock a. m.

On July 28, plaintiff filed an answer to the petition for removal, setting up that the removal was not filed within the time required by law, and that the defendant had not filed a sufficient bond. After hearing by a justice of the superior court at Boston, at which both of these objections to the removal were urged by the plaintiff, the bond was approved and the case ordered removed to this court. On the 9th day of September the clerk of the state court had prepared his copy of the record, and on the 16th day of

September the copy was filed in this court. Plaintiff thereupon filed a motion to remand. [1, 2] One of the grounds upon which the motion is based is that the petition and bond were not filed within the time required by the statutes of the United States. The applicable statute is section 29 of the Judicial Code (36 Stat. 1095 [Comp. St. § 1011]), which provides that the petition for removal may be filed in the state court in which the suit is pending "at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff."

The statutes of Massachusetts, in section 6 of chapter 214 of the General Laws, provide as follows:

"Procedure, process and practice in equity causes in the superior court shall, as nearly as may be, conform to that of the supreme judicial court, the general rules of which for the regulation of practice in equity shall, so far as applicable, * * * be the rules of the superior court for the regulation of practice in equity."

The rules adopted by the Supreme Judicial Court governing practice in equity, so far as pertaining to this inquiry, are as follows:

Rule VIII. "The day of appearance shall be the return day of the writ or subpœna, when personal service shall be made on the defendant, or he shall have had personal notice of the suit; or the return day of any order issued under the fourth or fifth rule, when no personal service shall be made. And if the defendant does not appear and file his answer, plea, or demurrer within one month after the day of appearance, the plaintiff may enter an order to take his bill for confessed; and the matter thereof may be decreed accordingly, unless good cause appears to the contrary."

Rule XXI. "The court may in its discretion allow the parties to amend their pleadings, and order or permit pleadings to be filed, or any proceeding to be had, at other times than are provided in these rules; and may in all cases impose just and reasonable terms upon the parties."

The plaintiff contends that the general appearance of the defendant, the participation in a hearing upon the order of notice to show cause why temporary injunction should not issue, and the order of the justice of the superior court to complete pleadings on or before July 24, 1925, precluded the defendant from applying for removal on July 25.

The first question to be considered is whether the time within which application for removal shall be filed in the state court, as fixed by the provisions of the federal statute, is to be limited by the rules of the court generally applicable to suits in equity, or whether that time can be shortened by order of the court made in the particular suit.

A history of the legislation with which we are now concerned, together with the construction that has been put upon the present statute and antecedent statutes, leaves little doubt that the intent of section 29 of the Judicial Code was to prescribe a definite period of time to be fixed, either by statute of the state or by rule of the state court of general application, and not by special order of the court.

The earliest legislation relative to the subject under consideration is found in the act of 1789 (1 Stat. 79), which provided that applications for removal should be filed at the time of appearance. This provision was regarded as too rigorous, and Congress in 1866 swung the pendulum to the other extreme by providing that the petition for removal could be filed at any time before trial or final hearing of the cause. Act of July 27, 1866, 14 Stat. 306.

The act of 1866 apparently was unsatisfactory, and in 1875 (Act of March 3, 1875, 18 Stat. 470) it was provided that a party seeking removal must file his petition in the state court before or at the term at which such cause could be first tried and before the trial thereof.

In considering this act of 1875, the Supreme Court in Pullman Palace Car Co. v. Speck, 5 S. Ct. 374, 113 U. S. 84, 28 L. Ed. 925, held that the petition must be filed at the first term after the commencement of the suit at which a trial was in order according to the rules of procedure of the court; the court stating that this term was to be ascertained by the rules of the court's adoption and not by the manner in which the parties had complied with them or had been excused for noncompliance by the court or by stipulation among themselves. See, also, to the same effect, Babbitt v. Clark, 103 U. S. 606, 26 L. Ed. 507; Gregory v. Hartley, 5 S. Ct. 743, 113 U. S. 742, 28 L. Ed. 1150.

In 1888 there was further federal legislation affecting the time within which application for removal should be filed. The Act of August 13, 1888 (25 Stat. 434), contains provisions identical with those of section 29 of the Judicial Code, quoted above.

It has been held in the Circuit Court for this district in Frink v. Blackinton Co., 80

F. 306, a case arising since the enactment of the Act of August 13, 1888, that the rule of the state court in Massachusetts which provided that "demurrers, answers and pleas in abatement, and motions to dismiss, shall be filed within the time allowed by law for entering an appearance, unless otherwise ordered by the court for good cause shown," required a petition to be filed within the ten days allowed by statute for appearance, and that the words "unless otherwise ordered by the court for good cause shown" did not give the court power to enlarge the time; Judge Putnam stating that—

"Nearly every rule and statute fixing periods within which pleadings are to be filed give the courts power to enlarge the time, and such power is also ordinarily implied. Therefore, if this fact should be held of importance, there would, in a very large proportion of cases, be no practical limit to the period within which a petition for removal could be filed."

While the decisions of the inferior federal courts are not wholly in accord, I think the better rule and the one sustained by the weight of authority in other jurisdictions is that a petition for removal must be filed within the time for pleading fixed by statute or a rule of the court of general application, and not within the time which may be extended by stipulation of parties or special order of the court. Austin v. Gagan (C. C.) 39 F. 626, 5 L. R. A. 476; Velie v. Manufacturers' Accident Indemnity Co. (C. C.) 40 F. 545; Spangler v. A. T. & S. F. R. Co. (C. C.) 42 F. 305; Fox v. Southern Ry. Co. (C. C.) 80 F. 945; Pilgrim v. Ætna Fire Ins. Co. (D. C.) 234 F. 958; Waverly Stone & Gravel Co. v. Waterloo, C. F. & N. Ry. Co. (D. C.) 239 F. 561; Williams v. Wilson Fruit Co. (D. C.) 222 F. 467.

In Spangler v. Atchison, Topeka & Santa Fé R. Co., supra, the court observes that, "If the time of removal can be made to depend upon the action, capricious or otherwise, of the state judge, in extending it for a month or six months, there would be no uniformity, no certainty, in the law of removal. It would in the state court, in the same jurisdiction, be one time for one defendant, and another time for another defendant, wholly dependent upon the discretion or humor of the court at the return term. The evident policy of Congress in this enactment was to make certain, fixed, and definite the time of such removal, and to hasten trials, and not permit hurtful delays by removals."

[3] If the aim of Congress was to provide for a certain, fixed, and definite time for re-

moval, the same reasons which have led the courts to refuse to recognize the powers of the state judge to extend the time for removal by extending the time for pleading would, with equal force, lead to the denial of power in a state court to restrict the time for removal by shortening the time for filing pleadings.

In the course of his opinion in Conner v. Skagit, Cumberland Coal Co. (C. C.) 45 F. 802, Judge Hanford well said:

"I think, however, that by the act Congress intended to and did prescribe a general rule by which to measure the time within which a party having a right to remove a cause may claim such right; and while it is true, as held in cases cited by counsel for the plaintiff, that neither the parties nor the court can, by any special rule or stipulation enlarging the time for answering in a particular case, also enlarge or extend the time for making application to remove a cause, it is equally true that by no act of the parties or special rule of court in a particular case can the time for filing a petition to remove be abridged."

It has even been held that the filing of an earlier appearance and answer before the expiration of the time fixed by state rules does not cut down the defendant's right of removal. Gavin v. Vance (C. C.) 33 F. 84; Conner v. Skagit, Cumberland Coal Co., supra; Duncan v. Associated Press (C. C.) 81 F. 417.

Also, that a motion by the defendant for the dissolution of an injunction is not a plea or answer within the meaning of this section. Cella, Adler & Tilles v. Brown et al. (C. C.) 136 F. 439; Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 131 F. 657, 66 C. C. A. 601; Garrard v. Silver Peak Mines (C. C.) 76 F. 1; Champlain Const. Co. v. O'Brien et al. (C. C.) 104 F. 930.

The above propositions, sustained by the cited authorities, seem to be based on sound principle and no reason appears why they should not be adopted in this jurisdiction. They effectually dispose of plaintiff's contention that by filing an appearance and responding to the order of notice issued upon the prayer for temporary injunction the defendant was precluded from thereafter filing its petition for removal.

The defendant's right to remove existed without question at the time the suit was brought, and this right continued during the statutory period unless lost by some act of the defendant amounting either to a waiver of the right or an estoppel to assert it. In the cases above cited, and many others, it has

been held in the federal courts that appearance, and even answer, does not constitute such a waiver or work such an estoppel. See McMillen v. Indemnity Ins. Co. of North America (D. C.) 8 F.(2d) 881.

I reach the conclusion, therefore, that the time within which defendant could file his petition for removal under section 29 of the Judicial Code did not expire until 30 days after August 3, 1925, notwithstanding the order of the court to complete pleadings on or before July 24, 1925.

In view of this conclusion, it becomes unnecessary to consider whether this order to earlier complete pleadings was valid. It might well be observed in passing, however, that if the time for filing petitions for removal were to be governed by special orders of the court in the particular case, such orders ought not to be recognized unless evidenced by formal decree entered upon proper motions and after due notice and hearing.

I see nothing in Martin's Adm'r v. B. & O. R. R. Co., 14 S. Ct. 533, 151 U. S. 673, 38 L. Ed. 311, and other cases cited by the plaintiff, which is at all inconsistent with the views above set forth or the conclusions reached.

The plaintiff further complains that the defendant did not file a bond with good and sufficient surety, as required by section 29 of the Judicial Code. An instrument purporting to be a bond was filed. This instrument was signed by the president and attested by the secretary of the defendant as principal, and by the National Surety Company as surety, acting through its resident vice president. The instrument was duly sealed and acknowledged by both the principal and surety. On the face of the record, therefore, the bond was a good and sufficient one, and the same was accepted by the state court.

[4] Plaintiff suggests that the bond is insufficient because the certificate showing the authority of the resident vice president was inadequate. This suggestion seems to me to have no merit. The statute does not expressly require a certificate of authority to be attached to the bond, and if it be necessary evidence of authority I would regard the omission as one of those formal defects that

could be later cured by amendment. See Howes v. Maxwell, 32 N. E. 152, 157 Mass. 333; Kinney v. Columbia Savings & Loan Asso., 24 S. Ct. 30, 191 U. S. 78, 48 L. Ed. 103.

In Mahoney v. United States Shipping Board, etc. (Mass.) 148 N. E. 454, cited by the plaintiff, it appeared that the paper filed with the petition, purporting to be a bond, was not sealed. The court held that the instrument, being not under seal, was not a bond, and that therefore an essential requirement of the statute had not been complied with. That case is clearly distinguishable from the case at bar, where an instrument under seal has been filed which, so far as the record reveals, is a good and sufficient obligation of the defendant and of a corporate surety.

Furthermore, a motion was filed August 21, for leave to amend adding the attestation of a resident assistant secretary of the National Surety Company, and on September 2 —the last day within which petition and bond could be filed under section 29 of the Judicial Code, as I have applied it—a substitute bond was filed which was sent up from the state court with the record. I do not understand any question has arisen regarding the sufficiency of the substituted bond.

[5] The certified copy of the record in the suit was not filed in the federal court within 30 days from the date of the filing of the petition. It appears from affidavits on file that the justice of the state court, to whom the petition and bond for removal were presented, held the case under advisement until September 1, 1925, when he handed down his decision. The certified copies of the papers in the suit were at once prepared and without unnecessary delay were filed in this court.

I do not understand that the plaintiff seriously urges this delay as a ground for remanding, and, in view of Meyer v. Del. R. R. Const. Co., 100 U. S. 457, 25 L. Ed. 593, I see no reason why this court should not accept the transfer after the 30 days.

Plaintiff's motion to remand, therefore, is denied.