### MARTIN v. OLD–FIRST NAT. BANK & TRUST CO. OF FORT WAYNE, IND.,

#### et al. (two cases).

#### Nos. 542, 543.

District Court, N. D. Indiana, Fort Wayne Division.

Jan. 25, 1934.

Morris, Newkirk & Hasley, of Fort Wayne, Ind., for plaintiff.

Barrett, Barrett & McNagny, of Fort Wayne, Ind. (Leigh L. Hunt, of Fort Wayne, Ind., of counsel), for defendants.

SLICK, District Judge.

This is a motion by plaintiff to remand the case to the state court from which it was removed. The record discloses that suit was brought in the state court, the complaint being filed July 24, 1933, and the summons was made returnable August 5, 1933. On August 8th defendants were ruled to answer in five days by an order of court duly entered. This order was not complied with, but on August 25, 1933, the defendant Cutshall obtained an extension of time to answer to September 5, 1933. On September 5th the time to answer was again extended by the state court to September 12th, and the next day, September 6, 1933, removal petition was filed.

Plaintiff, who moves to remand, contends that inasmuch as defendant did not comply with the rule to answer first entered, he thereby waived his right to remove. The defendant contends that having obtained an extension of rule to answer even though time for answer had expired, he is within his rights and the motion to remand should be denied.

The right to remove a cause to the federal court for trial is governed by act of Congress, which in the past one hundred forty-four years has changed the rule several times. In 1789 (Act Sept. 24, 1789, c. 20, § 12, 1 Stat. 79) it was provided that applications for removal should be filed at the time of appearance. This provision evidently being regarded as too severe, in 1866 (Act July 27, 1866, c. 196, 14 Stat. 558), Congress provided that a petition for removal might be filed at any time before trial or final hearing. This provision was evidently regarded as too elastic, and in 1875 (Act March 3, 1875, c. 137, § 3, 18 Stat. 471), Congress provided that removal might be had before or at the term at which the cause could be first tried, and under this act the Supreme Court held that the removal must be petitioned for at the first term after the commencement of the suit at which a trial could be had according to the rules of procedure of the court in which the case was pending, the Supreme Court saying that the term was to be determined by the rules of the courts' adoption and not by the manner in which the parties had obeyed or complied with them or had been excused from complying with them by the court. Pullman Palace-Car Co. v. Speck, 113 U. S. 84, 5 S. Ct. 374, 28 L. Ed. 925.

In 1888 another act of Congress (Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433) provided that removal might be had in the manner provided for in our present Code (28 USCA § 71 and note). That is to say, at or before the time at which a defendant is required, either by statute or by court rule, to answer.

Defendant argues very strongly that the motion to remand should be denied for the reason that removal was asked for at a time in which he was permitted to file an answer under the statutes and rules and practices of the state court, and files the affidavit of Hon. Harry W. Muller, judge of the Allen superior court No. 2 of Allen county, in which affiant states that there was no standing rule requiring defendants to answer in said court, but that all rules to answer were special rules made by the court, either upon the court's own motion or upon the request of parties to the action; that so long as affiant has been judge of said court, where rules to answer have been entered, and defendants have not complied with said rules, it was the practice and rule of the affiant, as the judge of said court, to cause the defendants who were in default of an answer

to be notified to that effect, and require them to answer forthwith.

The record in this case discloses that a rule to answer was entered August 8, 1933, requiring defendant to answer in five days; that defendant did not answer within five days in compliance with such rule, but on the 25th day of August he obtained an extension of the rule to answer to September 5th, which was again extended to September 12th, whereupon removal application was filed.

The statutes of the state of Indiana, sections 428 and 429 Burns', provide that the state court, after a suit has been commenced, "shall compel the parties to file their respective pleadings * * * at such time as the court shall deem just, in no case allowing unreasonable delay; and the pleadings shall be completed at an early day of the term."

The next section, being No. 429, provides: "If, from any cause, either party shall fail to plead or make up the issues within the time prescribed, the court *shall forthwith* enter judgment as upon a default, unless, for good cause shown, further time be given for pleading, on the payment of the costs occasioned by the delay."

Both of these statutes evince an intention to bring cases to an early hearing. By these statutes the several courts of the state are particularly directed to *"compel"* the parties to file the necessary pleadings to put a cause at issue and make it ready for trial speedily, and under the latter statute, section 429, the state court is specifically directed to enter judgment by default *"forthwith"* upon failure of a party to comply with a rule to answer, unless, of course, good cause is shown, and costs, occasioned by the delay, paid.

The removal act, providing that a party desiring to avail himself of its benefits, shall make and file his application at or before the time at which he is *required,* either by statute or court rule, to answer, was evidently intended to hasten the trial and not permit a defendant to delay by obtaining, from time to time, extensions of a rule to answer.

█ The brief history of the removal statutes is interesting and throws light upon the subject under discussion. These various acts of Congress and their interpretation by the federal courts point to the logical conclusion that Congress, when it enacted the present law, intended that the right to remove should be positive and definite as to time, and must be invoked speedily and without delay, and unless so done should be deemed waived.

█ There is great contrariety of opinion in the several Circuit and District Courts as to whether extension of time by the state court to plead ipso facto extends the time to remove. A majority of courts in number hold that it does not. In this list is found opinions by many able judges in the states of New York, California, Nevada, Missouri, Illinois, Wisconsin, South Dakota, Nebraska, Pennsylvania, Idaho, Iowa, Massachusetts, Arkansas, Connecticut, North Carolina, Oregon, and Washington. To the contrary are decisions in the states of New York, Nevada, Tennessee, and possibly some others.

A very interesting discussion on this subject may be found in the notations of title 28, section 72 USCA, at page 410 of that volume. In no court, however, has the precise question presented by the record in this case been decided, viz., where the time in which defendant has been required to answer, by rule of court duly entered, has expired, and while defendant is in default for want of an answer, although the default has not been formally entered, can defendant, by obtaining an extension of time to answer extend the time to remove?

It is important that a rule be adopted in this jurisdiction so that the practice can be easily understood by litigants and counsel.

Counsel for defendants cites several cases and they have been read and studied. Rycroft v. Green (C. C.) 49 F. 177 decided in 1892, simply announces the doctrine that, under the law and practice of the Second Circuit, extension of time to answer extends the time for removal. No facts were given.

Lord v. Lehigh Val. R. Co. (C. C.) 104 F. 929, in 1900 quotes and follows the rule announced in the Rycroft Case, supra, and closes with the laconic statement that: "The *practice of this circuit* requires a denial of the motion to remand."

Dancel et al. v. Goodyear Shoe Machinery Co., etc. (C. C.) 106 F. 551, decided in 1900 by the same judge who decided Rycroft v. Green, supra, again held that extensions of time to answer extended the time to remove *in this* (the second) *circuit.*

Allmark v. Platte (1896) 76 F. 614, by the same court, said that an extension of the rule to answer and to move extended the time to remove.

Avent v. Deep River Lumber Co. (C. C.) 174 F. 298, was a decision by District Judge

Connor, who held that although the Supreme Court of North Carolina had announced a different conclusion, and that he, while a member of that court, concurred, yet former decisions of the Fourth Circuit were contrary and controlling, holding that an extension of time to plead by the judge of the state court extended the time to remove.

Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 F. 185, holds that where parties, before time to answer, stipulate an extension of time to answer, defendant may remove before the expiration of the stipulated time; that the laws of Montana, where the suit arose, and the rule of the state court, authorize stipulations for extension of time. Defendant was not required to answer until the expiration of the stipulated time. This court further held that the stipulated time was in the nature of a waiver and estoppel.

In State Improvement-Development Co. v. Leininger (D. C.) 226 F. 884, 886, where the parties stipulated for an extension and the court entered an order on the stipulation that "the time for hearing application for injunction is extended to and including August 10, 1912, at 10 o'clock a. m., the defendants to have the same rights as if the last-named date was the return day," held, that the court order, based on the stipulation of the parties, extended the time in which defendant was required to answer, and that the removal petition, being filed within the extended time, was sufficient.

These cases are rather unsatisfactory authorities, and against them seems to be the great weight of authority cited earlier in this opinion. The only cases in this jurisdiction called to the court's attention are McKeen v. Ives (C. C.) 35 F. 801, and Amsden v. Norwich Union Fire Ins. Society (C. C.) 44 F. 515. Both of these decisions were written by Judge Woods, and both involved the construction of a state statute wherein defendants were summoned to appear by indorsement on the complaint; the court holding that requiring an appearance on a day certain was not equivalent to requiring the filing of an answer or other pleading. Both of these decisions, however, seem to indicate that the court believed the Federal Removal Statute should be strictly complied with, and while they are not authority on the question under consideration here, viz., extension of a rule to answer after failure to comply therewith and its effect on the right of removal, nevertheless they are authority to the point that it is the time in which a defendant is required to answer under a statute or rule of court, either general or special, that determines the right to remove.

By "a rule of court" Congress intended, I believe, to mean a uniform rule applicable to all litigants alike; a rule as fixed and established as an act of the state Legislature on that subject; a rule that all litigants and attorneys could know and rely upon; a rule not dependent upon caprice or humor of the state judge; a rule fixing the time as prescribed by the statute or a rule of court that can neither be extended nor proscribed.

The state court cannot shorten the time within which removal can be made as determined by Congress. Neither can such court, by extending the time to plead, especially after failure or refusal to comply with the provision of the statute, and a special rule to answer, extend such time. Spangler v. Atchison, etc. (C. C.) 42 F. 305; Frink v. Blackinton Co. (C. C.) 80 F. 306, 307. Collins Mfg. Co. v. Wickwire Spencer Steel Co. (D. C.) 11 F.(2d) 196.

It is suggested, however, that the state statutes provide that parties who fail to file an answer within the time prescribed in a rule of court shall suffer default for want of an answer "unless otherwise ordered." The words "unless otherwise ordered" are of no consequence, as practically all rules and statutes fixing time in which defendants shall plead contain the same or similar provisions, and if there were no such provision the power to extend the rule would be inherent in the court as an implied power. Frink v. Blackinton Co. (C. C.) 80 F. 306, 307; Collins Mfg. Co. v. Wickwire Spencer Steel Co. (D. C.) 11 F.(2d) 196.

The importance of this decision in this district has motivated the court to thus prepare and file what might seem an unduly long opinion. It is important that all litigants and their counsel be advised of the necessity for strict compliance with the letter as well as the spirit of the removal act, and that the state statutes governing the time when defendants shall be required to plead shall be rather strictly construed to the effect that removals from the state courts to the federal court shall be taken by the parties at or before the time when the parties are required under rule of court to answer.

The petition to remand is sustained.

The case of Earl L. Martin v. Old-First National Bank & Trust Company of Fort Wayne et al., being cause No. 543 at law, and having the same record, is likewise remanded.