642

## TOWNSEND v. HOLLAND–AMERICAN LINE.

### No. 45002.

District Court, N. D. Illinois, E. D.
July 9, 1936.

Philip A. Weinstein, of Chicago, Ill., for plaintiff.

Loesch, Scofield, Loesch & Burke, of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

September 18, 1935, plaintiff filed her complaint against the defendant in the circuit court of Cook county, claiming damages for personal injuries suffered by reason of defendant's negligence.

Summons was issued, returnable to the third Monday in October, 1935, being October 21, 1935, and defendant was served with said summons more than 20 days prior to the return date thereof.

Under the rules of the circuit court, defendant was obliged to file its appearance and plea on or before the opening of court on Wednesday, October 23, 1935, the second day after said return day.

October 22, 1935, on defendant's motion, an order was entered extending the time to answer or plead to November 15, 1935.

November 7, 1935, defendant filed its motion to remove the cause to the United States District Court for this district.

November 15, 1935, an order was entered removing said cause.

January 28, 1936, plaintiff filed a motion in this court to remand said cause on the ground that defendant's motion to remove came too late.

The rules of the circuit court provide:

Rule 11. "Sec. 1. Where process has been duly served to a given return day, the defendant shall appear before the opening of court on Wednesday, the second day after such return day. In the event of his failure so to appear by filing a motion or pleading, he shall be considered in default."

Martin v. Old-First Nat. Bank & Trust Co. (D.C.) 5 F.Supp. 1012, 1013, is a case involving practically the same facts as the instant case, and where, in discussing the removal statutes, Judge Slick said:

"The right to remove a cause to the federal court for trial is governed by act of Congress, which in the past one hundred forty-four years has changed the rule several times. In 1789 (Act Sept. 24, 1789, c. 20, § 12, 1 Stat. 79) it was provided that applications for removal should be filed at the time of appearance. This provision evidently being regarded as too severe, in 1866 (Act July 27, 1866, c. 196, 14 Stat. 558), Congress provided that a petition for removal might be filed at any time before trial or final hearing. This provision was evidently regarded as too elastic, and in 1875 (Act March 3, 1875, c. 137, § 3, 18 Stat. 471), Congress provided that removal might be had before or at the term at which the cause could be first tried, and under this act the Supreme Court held that the removal must be petitioned for at the first term after the commencement of the suit at which a trial could be had according to the rules of procedure of the court in which the case was pending, the Supreme Court saying that the term was to be determined by the rules of the courts' adoption and not by the manner in whicl. the parties had obeyed or complied with them or had been excused from complying with them by the court. Pullman's Palace Car Co. v. Speck, 113 U.S. 84, 5 S.Ct. 374, 28 L.Ed. 925.

"In 1888 another act of Congress (Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433) provided that removal might be had in the manner provided for in our present Code (28 U.S.C.A. § 71 and note). That is to say, at or before the time at which

a defendant is required, either by statute or by court rule, to answer. \* \* \*

"The brief history of the removal statutes is interesting and throws light upon the subject under discussion. These various acts of Congress and their interpretation by the federal courts point to the logical conclusion that Congress, when it enacted the present law, intended that the right to remove should be positive and definite as to time, and must be invoked speedily and without delay, and unless so done should be deemed waived."

"There is great contrariety of opinion in the several Circuit and District Courts as to whether extension of time by the state court to plead ipso facto extends the time to remove. A majority of courts in number hold that it does not. In this list is found opinions by many able judges in the states of New York, California, Nevada, Missouri, Illinois, Wisconsin, South Dakota, Nebraska, Pennsylvania, Idaho, Iowa, Massachusetts, Arkansas, Connecticut, North Carolina, Oregon, and Washington. To the contrary are decisions in the states of New York, Nevada, Tennessee, and possibly some others. \* \* \*

"By 'a rule of court' Congress intended, I believe, to mean a uniform rule applicable to all litigants alike; a rule as fixed and established as an act of the state Legislature on that subject; a rule that all litigants and attorneys could know and rely upon; a rule not dependent upon caprice or humor of the state judge; a rule fixing the time as prescribed by the statute or a rule of court that can neither be extended nor proscribed."

It has been held that a decision of the highest court of a state construing the state statute fixing the time in which a defendant shall answer or otherwise plead should be followed by the federal courts. Waverly Stone, etc., Co. v. Waterloo, etc., Ry. Co. (D.C.) 239 F. 561; Duffy v. Glucose Sugar Refining Co. (C. C.) 141 F. 206.

Because of these decisions, defendant places much reliance on the case of Bacon v. Bank of Montreal, 219 Ill.App. 352, where the trial court extended defendant's time to plead, and the Appellate Court held that the petition for removal was in apt time when filed before the expiration of the time so extended. In deciding this case Judge Gridley said: "The statements of the textbook writers and the

decisions of the United States district and circuit courts on the question are not in harmony. We are not aware of, and our attention has not been called to, any case in the Supreme Court of this State or of the United States where the precise question has been decided."

The case of South Park Commissioners v. Ayer, 237 Ill. 211, 86 N.E. 704, 706, seems to dispose of this same question, where the court said: "It is first argued that the court erred in refusing to remove the cause to the federal court so far as it concerned the appellants in this proceeding. Appellee contends that the petition was not timely. Section 3 of the act of Congress to regulate the removal of causes from state courts, as amended August 13, 1888, c. 866, 25 Stat. 435, provides, with reference to cases of this character, that the party desiring to remove the cause shall file a petition in the state court 'at the time, or any time before defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff' (Hurd's Rev.St.1908, p. 83 [see 28 U.S.C.A. § 72]). The Eminent Domain Act (section 4) provides that service of summons and publication of notice to nonresidents shall be made as in cases in chancery (Hurd's Rev.St.1908, c. 47). Section 16 of the act on chancery practice provides that every person who shall be summoned, served with a copy of the bill or petition, or notified by publication, shall be held to except, demur, plead, or answer on the return day of the summons, or, in case of service by notice, at the expiration of the time required to be given (Hurd's Rev.St.1908, c. 22). Notice was given to appellants by publication, and that notice was returnable on the Third Monday of August, 1907. The first petition for removal was filed January 24, 1908. No default was taken against the appellants. The law does not require them to file a written pleading of any character, and it is contended, under these circumstances, by the appellants, that the petition for removal was filed in apt time. With this contention we do not agree. If the appellants did not appear on the return day of the notice they could be defaulted, and it is our judgment that the day upon which the notice was so returnable was, within the meaning of the federal statute, the time

when the appellants were required by the laws of this state to answer or plead. The mere fact that the default was not taken on this day or any other day does not extend the time within which an application for removal may be made."

The cause is remanded to the state court.